---o---

## CURREN and Another *v.* DRIVER.

WIDOW.—*Rights in Deceased Husband's Lands.—Mortgage.—Subsequently-Acquired Title.—*A husband and wife executed a mortgage without warranty on certain real estate to which neither had any title at the time, but afterwards the husband acquired title thereto in fee simple. Subsequently the mortgage was foreclosed on default, neither of the mortgagors appearing to the suit, and the land was sold under the decree to one not a party. Afterwards the husband died, leaving his said wife surviving.

*Held,* that the widow was entitled as such to one-third of said real estate.

APPEAL from the Ripley Common Pleas.

PETTIT, C. J.—In February, 1854, the appellee and her husband mortgaged a piece of land to the State for the use of a congressional township, at which time neither had any title to it. In May, 1856, the husband of the appellee acquired a title in fee simple to the land. In 1858, the mortgage was foreclosed on default, neither of the defendants appearing to the suit. The land was sold on the decree to one Wyatt, who conveyed it to the appellant. In 1864, appellee's husband died, leaving her his widow. In 1868, this suit was brought by the appellee for partition of the land, claiming one-third of it as such widow.

The question before us is, can the appellee maintain a suit for one-third of the land, or is she estopped by the facts

Curren and Another *v.* Driver.

above shown? We shall not attempt to discuss the whole doctrine of estoppel, but will endeavor to point out the law in the case before us.

If a grantor makes a quitclaim deed, and subsequently acquires a better title than the one he had, he can maintain his new title against his former quitclaim, but if he makes a warranty deed when he has no title, or a defective one, and after acquires a better or perfect one, it enures to his grantee.

The legislature has given an authoritative form, and declared its effect, which is, that if the mortgagor uses the words "mortgages and warrants," it shall be held to be a mortgage with warranty of perfect title, &c.; but if the words "and warrants," be omitted, the mortgage shall be good, but without warranty. 1 G. & H. 260. The mortgage in the record is without the words "and warrant," and was not, therefore, a warranty of title in the husband with covenants upon which he could have been sued for failure of title; and certainly no suit on the covenants of warranty could have been sustained against the wife, as she cannot be bound by any covenants in a deed. 1 G. & H. 258, sec. 6; Rawle Cov. Title, 3d ed., pp. 433, 434, note 2.

The husband might have set up the newly acquired title against this mortgage, though he would have been liable on the note secured by it; and the widow cannot be in a worse condition. Washb. Real Prop. b. 3, ch. 2, § 6, 43.

There was a foreclosure of the mortgage on default, and a sale of the property. This cannot bar the right of the wife; for she could not defend alone, she having no separate interest in the land. 2 G. & H. 42, sec. 9. Her interest was contingent on the death of her husband, which occurred six years after the foreclosure and sale.

The judgment is affirmed, at the costs of the appellants.

*W. D. Wilson,* for appellants.

*H. W. Harrington* and *M. K. Rosebrugh,* for appellee.