Filed May 24, 1892.

----

No. 15,810.

## TANGUEY v. O'CONNELL.

MARRIED WOMAN.—*Interest of in Husband's Lands.*— *When Divested by Judgment.*—A judgment rendered against a married woman and her husband, quieting the title to land owned by the husband during coverture, but which prior to the action he alone conveyed, is binding on the wife after the husband's death, and prevents her from recovering the interest in the property given by section 2491, R. S. 1881. *Curren* v. *Driver*, 33 Ind. 480, overruled.

From the Pulaski Circuit Court.

*W. L. Agnew* and *B. Borders*, for appellant.

*W. Spangle* and *J. M. Spangle*, for appellee.

MILLER, J.—The appellant brought this action against the appellee for the partition of a tract of real estate.

The errors assigned are the rulings of the court in overruling the demurrer to the first paragraph of answer, and sustaining the demurrer to the second paragraph of reply.

There is but a single question of law presented in these rulings, viz.: Is a judgment rendered against a married woman and her husband quieting the title to land owned by the

husband during coverture, but which he has, prior to the bringing of the action, conveyed by a deed, in the execution of which the wife did not join, such an adjudication as to bind the wife, after the death of the husband, and prevent her from recovering the interest in the property given by section 2491, R. S. 1881, which provides that a surviving wife is entitled to one-third of all the real estate of which her husband may have been seized at any time during the marriage, in the conveyance of which she may not have joined?

The solution of this question depends largely upon the nature of the interest or estate of the wife in the lands owned by her husband during his life.

Whatever doubts and uncertainties may have existed upon that subject was set at rest by the well reasoned case of *Bever* v. *North*, 107 Ind. 544, where it was held that in this State the wife's interest in her husband's real estate is an estate in the land itself, and not a mere encumbrance resting upon it.

A strong legislative recognition of the substantial nature of her estate is evidenced by the enactment of section 2508, R. S. 1881, which provides that this inchoate interest shall vest upon the judicial sale of real property, and give her the immediate right of absolute ownership and possession.

It has also been held that a wife is a proper party, at least, to the foreclosure of mortgages upon lands owned by the husband. *Watt* v. *Alvord*, 25 Ind. 533 ; *Holland* v. *Holland*, 131 Ind. 196.

If not made a party her right to redeem is not cut off. *May* v. *Fletcher*, 40 Ind. 575.

It would be a harsh doctrine that would refuse the assistance of the courts of the land to a married woman whose husband has conveyed the land, in which she has a valuable estate, for the preservation of that estate from destruction, and this would be the logical result of the argument pressed upon us by the appellant.

The right to sue, and the liability to be sued, go hand in hand.

The appellant cites and relies upon the case of *Curren* v. *Driver*, 33 Ind. 480.

In that case a husband and wife executed a mortgage, without covenants of warranty, on land of which neither of them at the time had title. Afterward the husband acquired title. The mortgage was subsequently foreclosed, both husband and wife being made parties defendants. A judgment on default was rendered and the land sold. Six years after that time the husband died, and his widow sued for the third of the land. It was held that the judgment of foreclosure did not bar the wife. We are of the opinion that this case was wrongly decided. It is apparent that the wife had a defence to the action, if she had appeared, but having suffered default and judgment to be taken against her, she should have been concluded. It would be little use to make a married woman a party defendant to a foreclosure suit if a judgment rendered in the action may be wholly disregarded and treated as absolutely void. This can hardly be called a collateral attack upon a judgment, but a collateral disregard of a judgment.

We regard the law as well settled that a complaint to quiet title challenges, as the defendants assert, whatever title, interest or estate they claim in the premises, and if they fail to do so they are concluded by the decree, and the property is freed from all claims of whatsoever nature existing at the time of the institution of the suit. *Davis* v. *Lennen*, 125 Ind. 185; *Watkins* v. *Winings*, 102 Ind. 330; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Faught* v. *Faught*, 98 Ind. 470; *Ragsdale* v. *Mitchell*, 97 Ind. 458; *Farrar* v. *Clark*, 97 Ind. 447; *Cooter* v. *Baston*, 89 Ind. 185; *Green* v. *Glynn*, 71 Ind. 336; *Davis* v. *Barton*, 130 Ind. 399.

The law favors the prompt settlement of conflicting claims to real estate, and the liberal provisions made for settling such disputes by actions to quiet title have been brought into

favor. We would be reluctant to sanction a doctrine that would greatly impair the effectiveness of this procedure.

We are of the opinion that the court did not err in its rulings.

Judgment affirmed, with costs.

Filed May 24, 1892.