No. 976.

CROWE v. KELL.

PLEADING.—*Counterclaim.*—*When Matter of Defense.*—*Contract.*—*Conversion.*—In an action by a tenant against his landlord for a conversion of the part of the crop due the tenant, the action being one of tort, pure and simple, a counterclaim for the breach of the contract of lease by the tenant will not lie, as the conversion is wholly disconnected from the lease contract.

From the Warren Circuit Court.

*W. L. Rabourn*, for appellant.

*J. W. Sutton*, for appellee.

LOTZ, J.—The first assignment of error discussed by appellant is, that the trial court erred in overruling the demurrer to the third paragraph of the complaint. This paragraph, in brief, alleges that the appellant, being the owner of certain real estate, leased portions thereof, at two different times, to the appellee, to be planted in corn, and when mature it was agreed that the corn should be divided equally in the field; that, when said crop had matured, the appellant took possession of the whole thereof, excluded the appellee therefrom, and converted five hundred bushels of appellee's corn to his own use. The gist of the action is the conversion of the corn. The demurrer was properly overruled.

The next assignment of error discussed by appellant is, that the court erred in sustaining appellee's demurrer to the second paragraph of the answer. This paragraph of the answer was addressed to the third paragraph of the complaint. It is averred that the appellant leased to the appellee twenty-four acres of land, being the same land described in the complaint, to be farmed in corn, the appellant to have one-half and the appellee to have the other half thereof when mature; that the appellee failed

to comply with his part of said contract, in that he only planted and farmed eighteen acres of said land, and that six acres were not planted or cultivated, but were permitted to grow up in weeds, and that appellant lost the rent and use thereof, to his damage in the sum of fifty dollars, which amount he asked to have set off against any sum found due the appellee.

It is contended that the damages sustained by the breach of the contract is a proper matter of counterclaim. We do not so consider it. The conversion of the corn is a tort pure and simple; a wrong wholly disconnected from a contract. The fact that the corn came into existence as an incident to a contract for the leasing of lands, in no way makes the conversion of the corn related to the contract.

If the appellant had unlawfully taken and converted appellee's horse, when sued for the conversion, he could not plead, as a matter of defense or counterclaim, the damages accruing to him for a breach of a contract. *Brower* v. *Nellis*, 6 Ind. App. 323, 33 N. E. Rep. 672.

The last assignment is that the court erred in overruling the motion for a new trial. The only causes for a new trial are that the finding of the court is contrary to the evidence and the law. The evidence fully sustains the finding.

We find no error in the record.

Judgment affirmed, at costs of appellant.

Filed Nov. 1, 1893.