OHIO FARMERS' INSURANCE COMPANY *v.* BEVIS.

[No. 2,153. Filed April 20, 1897. Rehearing denied June 3, 1897.]

HUSBAND AND WIFE.—*Inchoate Interest of Wife in Husband's Real Estate.*—The estate owned by a wife in lands conveyed by her husband, in which she did not join, is an estate in the land itself, and not a mere incumbrance resting upon it; but until the death of the husband the wife has no claim, legal or equitable, upon the real estate so conveyed, and if she does not survive her husband her estate therein is determined. *p. 20.*

INSURANCE.—*Title to Insured Property.*—*Representations and Warranties.*—*Husband and Wife.*—The fact that an applicant for a policy of fire insurance held title to the real estate on which the insured buildings were situated, by a deed of conveyance from a married man, whose wife did not join in the deed, will not defeat the policy thereon, conditioned that the policy shall be void if applicant is not the absolute and sole owner in fee simple of the real estate on which such insured buildings are situated. *pp. 18, 22.*

From the Bartholomew Circuit Court. *Affirmed.*

*John W. Donaker,* for appellant.

*James F. Cox,* for appellee.

HENLEY, J.—Appellee began this action in the lower court upon a fire policy issued to him by appellant. A demurrer to the complaint was overruled, and

VOL. 18—2

the appellant answered in five paragraphs. To the first, second, and third paragraphs of the answer a demurrer was sustained. There was a trial by the court, and judgment for appellee.

The only question argued by counsel for appellant arises upon the ruling of the lower court on the demurrer to the first, second, and third paragraphs of answer.

The facts involved in this cause are, that appellee was the owner of two hundred acres of land, upon which he lived and upon which was the property insured by appellant. The title the appellee held in the real estate upon which the insured building was situate, was acquired by purchase. The grantor was a married man, whose wife was living and under no legal disabilities, and did not join in the conveyance of the real estate to appellee. The assured made written application, over his own signature, for this policy of insurance. There was a question propounded in the application regarding the title to the real estate, and the question and answer of appellee thereto was as follows: "Question: Are you the absolute owner of this real estate? Answer: Yes." The policy of insurance also contains the following condition printed on the face thereof: "or if this assured is not the sole owner in fee simple of the realty upon which this insured building is situate and having a legal and equitable title thereto, then and in such case this policy shall be void."

Appellee sustained a loss under said policy of insurance.

Counsel for appellant assumes that the assured was not the absolute owner of the realty upon which the insured property was located, and that he was not the sole owner of the fee simple of the realty upon which the insured building was located, at the time the ap-

plication for insurance was made and the policy issued, and therefore he cannot recover.

The answers to which the demurrer was sustained each raise this question, and this is in fact the only question for decision in this cause.

Policies of fire insurance always contain a great many special provisions, setting out what risks are assumed by the company, and defining in careful and explicit terms the conditions upon which the insurers shall be liable in case of loss to the assured thereunder. These conditions, relating to other insurance, the title of the insured, assignment of the policy, change of interest, use and occupation, vacancy, erection, and occupation of neighboring buildings, and many other conditions, have been held valid and binding upon the assured to such an extent that a misrepresentation of the facts by the assured at the time of the issuing of the policy, or of a violation of the conditions imposed in the policy after the same is issued, are held sufficient to render the policy void, unless the insurer had waived in some way the right to enforce the condition.

The assured having been required, in this case, to answer certain questions in an application for the insurance regarding his ownership of the real estate upon which the insured building stood, and these questions and answers having been made a part of the contract of insurance, became warranties, and, if false, vitiate the policy.

There can be no question of the appellee's insurable interest in this case, as it is not denied that the appellee was the owner of the property insured, and that in the event of its loss he would have been the sole loser thereby.

If a husband owning the fee simple title to real estate conveys the same, his wife not joining in the

deed, the grantee at least acquires a perfect and absolute title in fee simple to two-thirds of the real estate conveyed, which no contingency, or condition, or state of facts growing out of the conveyance can affect. To the other one-third of the real estate the grantee acquires a fee simple title subject to be defeated if the wife of the grantor survives her husband. See section 2652, Burns' R. S. 1894 (2491, R. S. 1881). The estate owned by a wife in lands conveyed by her husband in a conveyance in which she did not join is an estate in the land itself, and not a mere incumbrance resting upon it. *Tanguey* v. *O'Connell*, 132 Ind. 62; *Bever* v. *North*, 107 Ind. 544.

But until the death of the husband the wife has no claim, legal or equitable, upon the real estate so conveyed, and if she does not survive her husband her estate therein is determined. The grantee of the husband owes no duty to the wife who did not join in the conveyance. He is not subject to an action for waste, and is, so long as the grantor lives, the absolute owner of the real estate so conveyed.

It is also the law that, in matters of this kind, if the answers of the assured to the questions put to him are full and clear, as he understands them, and has a right to understand them, it is sufficient. 11 Am. and Eng. Ency. of Law, page 304.

The courts have, in a great number of decisions, refused to declare forfeitures, except in the clearest cases. They must not be favored, and should never be enforced, unless the failure so to enforce them would cause an injury to the parties not clearly contemplated by them in the contract. *Franklin, etc., Ins. Co.* v. *Wallace, Admr.*, 93 Ind. 7; *Northwestern, etc., Ins. Co.* v. *Hazelett*, 105 Ind. 212; *Aetna, Ins. Co.* v. *Deming*, 123 Ind. 384; *Bowlus* v. *Phoenix Ins. Co.*, 133 Ind. 106.

As was said by Elliott, J., in the case of *Bowlus* v. *Phoenix Ins. Co.*, *supra*, "It is not to be forgotten that the insurance company is here seeking the benefit of a harsh rule, and insisting that the courts declare a forfeiture, although it retains the benefit conferred upon it by the contract it asks the court to declare forfeited. Courts, as has been again and again decided, refuse to declare forfeitures except in very clear cases."

It was only necessary for the assured to answer the question concerning his title in the negative or affirmative. He was not compelled to abstract it for the benefit of the company, and if his answer, conveying the meaning that his title was absolute, was correct, and no facts in relation thereto are shown by the insured which would materially increase the hazard, or cause a greater premium to be charged for the insurance, we cannot see that the insurer is harmed thereby. If appellee had held simply a life estate, or if the land was incumbered, and he answered that it was not, we can readily see why the courts would enforce a forfeiture of that kind.

The title held by the appellee to one-third of the real estate herein is similar to that held by a childless second wife in the lands of her deceased husband (the deceased husband having children alive by a former wife) prior to the enactment of the statute of 1889, which reduced her title to a life estate in such event. Under the statute prior to the amendment of 1889, the courts held that the widow had a fee simple title to the real estate, and could not be enjoined from committing waste thereon, and while she lived the children of a former wife had no interest in the real estate descended to her, present, in remainder, or reversion. It is only in the event that they outlived the widow that they acquired any interest.

In this case, the wife of the grantor has no interest present, in remainder, or reversion. Her interest must be after-acquired, and depends altogether and solely upon the condition that she outlive her husband.

We are clearly of the opinion that the appellee had, at the time of the issuing of the policy, an absolute title in fee simple to the real estate, and hence the policy is not void by the statement in the application or the condition of the contract which he accepted.

Judgment affirmed.