THE UNION CENTRAL LIFE INSURANCE COMPANY *v.*
HOLLOWELL, ADMINISTRATOR.

[No. 2,432.    Filed May 11, 1898.]

LIFE INSURANCE.—*Representations.*—*Warranties.*—The law regards representations made by the applicant in an application for insurance as a warranty to the insurer that the facts so stated are exactly as represented, and they must be literally true whether material or immaterial, or the policy is void. *p. 153.*

SPECIAL FINDINGS.—*Reversal of Judgment on Weight of Evidence.*— A judgment based upon a special finding of facts will not be reversed where there was evidence from which such facts could have been found. *pp. 153, 154.*

LIFE INSURANCE.—*Suicide.*—*Presumptions.*—Where in an action on a life insurance policy the question is in issue as to whether the insured died from natural causes or committed suicide, the court will presume, in the absence of evidence, that he died from natural causes.  *p. 154.*

SAME.—*Payment of Premiums.*—*Special Findings.*—The payment of premiums is an ultimate fact which the jury has the right to find in an action on an insurance policy.  *p. 154.*

INTERROGATORIES TO JURY.—*Practice.*—Under the act of March 11, 1895, interrogatories which are not so framed that the jury will be required to find one single fact in answering each are properly refused. *pp. 154, 155.*

From the Putnam Circuit Court.  *Affirmed.*

*Charles E. Barrett, Ramsey, Maxwell & Ramsey, Holstein & Hubbard, Frank D. Ader* and *Henry Warrum,* for appellant.

*Benjamin F. Corwin, George W. Brill, George C. Harvey, Thomas J. Cofer* and *Cash C. Hadley,* for appellee.

HENLEY, J.—This action was begun by the appellee upon a policy of insurance issued by the appellant to one John C. Koehler. The policy was issued on the 6th day of December, 1893, and on the 27th day of February, 1894, the said Koehler died. Payment of the policy by the appellant having been refused, this action was instituted by the administrator of the decedent. This cause is here for the second time. The opinion disposing of the first appeal will be found reported in the case of *Union Central Life Ins. Co.* v. *Hollowell, Admr.,* 14 Ind. App. 611. To the complaint of the appellee the appellant answered in three paragraphs, the first a general denial, the second pleading a condition of the policy sued on, which rendered it void if the person upon whose life the policy was issued committed suicide; the third alleged that the decedent had represented in his application for insurance that he was a total abstainer from the use of intoxicants, when in fact he was an intemperate man

in that respect and a free drinker of intoxicants. There was a reply filed in general denial, and upon the issues thus presented there was a trial by jury, and a special verdict ordered returned under the act of 1895 providing for special verdicts by way of answers to interrogatories. Both parties moved for judgment upon the special verdict. The motion by appellee for judgment upon the special verdict was sustained, and that of appellant overruled.

The questions presented to the court by this appeal all arise upon the motion for a new trial. It is contended by counsel for appellant that there is no evidence to sustain the findings of the jury that John C. Koehler was a total abstainer from the use of intoxicants; that there is no evidence to sustain the findings of the jury that said Koehler died from natural causes or that he did not commit suicide, and that there was no evidence to sustain the finding of the jury that the premium due upon the policy had been paid. Appellee's counsel do not contend but that these are all material facts necessary to be found before a recovery could be had under the issues joined. There can be no doubt but that the jury have found all the facts necessary to a recovery by appellee. The findings are very clear and explicit upon all the material points, and the only question which arises thereon is whether or not there is any evidence to support the findings. Upon the question of whether or not the decedent was a total abstainer from the use of intoxicants, the jury found as follows:

"Inter. 30. At the time and date the said John C. Koehler made application to the defendant for insurance upon which the policy in suit was issued, was he a total abstainer in and from the use of alcoholic, malt or vinous liquors? Ans. Yes."

"Inter. 31. At the time and date of the application

of the said John C. Koehler for the insurance, on which the policy in suit was issued, was he, the said John C. Koehler, a total abstainer from the use of intoxicating liquors?  Ans.  Yes."

"Inter. 32.  At the time and date of the said John C. Koehler's application to defendant for the insurance on which the policy in suit was issued, was he, the said John C. Koehler, addicted to the use of alcoholic, malt or vinous liquors?  Ans. No."

"Inter. 33.  At the time of the said John C. Koehler's application for the insurance upon which the policy in suit was issued, was he not in the habit of drinking beer?  Ans.  No."

"Inter. 34.  At the time of making the application to the defendant for the insurance policy sued on, did he, the said John C. Koehler, use intemperately alcoholic, malt or vinous liquors?  Ans.  No."

The law regards representations made by the applicant in an application for insurance as a warranty to the insurer that the facts so stated are exactly as represented.  They must be literally true whether material or immaterial, or the policy is void.  *Phoenix Ins. Co.* v. *Benton*, 87 Ind. 132; *Mut. Benefit Life Ins. Co.* v. *Cannon*, 48 Ind. 264; *Pierce* v. *Empire Ins. Co.*, 62 Barb. 636; *Commonwealth's Ins. Co.* v. *Monninger*, 18 Ind. 352; *Ohio Farmers' Ins. Co.* v. *Bevis*, 18 Ind. App. 17.

The jury in this cause by its answer to interrogatory numbered thirty said that the representation made by the decedent was literally true.  Is there any evidence to sustain this finding?  There was evidence to show that decedent was in the habit of drinking beer, that he was drunk nearly every Saturday night, that he often went to his meals at the hotel where he boarded in such an intoxicated condition that he was hardly able to sit at the table and feed himself.  On

the other hand a large number of witnesses testified that they had often seen decedent and had never seen him intoxicated, had never detected the smell of intoxicants on his breath, and had known him to refuse to drink intoxicants when offered him. Seventeen witnesses testified that they were often in the company of decedent and that at no time did they ever know him to take any intoxicants or in any way show any sign of being intoxicated. One of these witnesses was the keeper of the hotel where decedent boarded during the time covering the period in which the policy in suit was issued to him. We cannot say that the findings of the jury upon this subject were unauthorized. It is a question of fact, and there was evidence from which the jury could have found as they did find.

Did decedent voluntarily take his own life? The presumption is that he did not. *Travelers' Ins. Co.* v. *Nitterhouse*, 11 Ind. App. 155; May on Insurance, section 325. The evidence upon this point is conflicting, and we will not disturb the finding of the jury.

The jury also found that the premium on the policy of insurance issued by appellant upon the life of decedent had been paid. Payment is an ultimate fact which the jury is authorized to find. *Wipperman* v. *Hardy*, 17 Ind. App. 142; *Braden, Admr.*, v. *Lemmon*, 127 Ind. 9; Thompson on Trials, vol. 1, section 1253.

It is further contended that the lower court erred in refusing to submit certain interrogatories to the jury. These interrogatories were submitted to the jury under the special verdict act of 1895, one of the requirements of which is that, "The same shall be in the form of interrogatories so framed that the jury will be required to find one single fact in answering each of such interrogatories." Acts 1895, p. 248. Neither of the interrogatories refused complied with the statute, and the court properly refused them. The lower

court did not refuse to allow counsel for appellant to discuss the interrogatories in their argument to the jury, and if counsel for appellee saw fit to discuss the interrogatories in their argument, we see no reason why appellant should complain. A careful examination of the entire record convinces us that the judgment of the lower court ought to be affirmed. Judgment affirmed.