CLEMENTS ET AL. *v.* DAVIS, SHERIFF, ET AL.

[No. 18,823. Filed June 28, 1900. Rehearing denied Dec. 18, 1900.]

APPEAL AND ERROR.—*Parties.—Husband and Wife.*—Where in a suit by a wife to recover one-third of the proceeds of the sale of land owned by her husband, sold under a decree of foreclosure, the husband filed a cross-complaint disclaiming any interest, and joined with her in an appeal from a judgment on demurrer to the complaint, it was not necessary to join him as an appellee, no judgment being rendered in his favor against her. *p. 626.*

Clements *v.* Davis.

PLEADING.—*Foreclosure of Mortgages.—Judgment Creditors.—Husband and Wife.—Inchoate Interest of Wife.*—Where in an action to foreclose a mortgage the only averment as to the mortgagor's wife was that she joined in the execution of the mortgage, and the answer of judgment creditors, who were made defendants, admitted the averments of the complaint, and asked that their interests be protected, and that any surplus of the proceeds of the sale of the mortgaged premises be applied on their judgment, no issue was thereby raised which required the wife to assert her inchoate interest in the real estate or in the proceeds of its sale. *pp. 626-634.*

JUDGMENTS.—*Foreclosure of Mortgages.—Husband and Wife.—General Judgment Creditors of Husband.—Inchoate Interest of Wife.—Judicial Sales.*—In a suit to foreclose a mortgage executed by husband and wife on the lands of the husband, to which suit general creditors of the husband are made defendants, and to which the wife is a party, it is not necessary that the wife should set up her inchoate right to the one-third of the lands mortgaged, or the proceeds of their sale, as against the judgment creditors, and she will not be concluded by a judgment directing the sale of the land, and the application of the proceeds, after the payment of the mortgage debt, to the discharge of the general judgments against her husband, where her interest in the land was not specifically put in issue. *pp. 626-634.*

From the Montgomery Circuit Court.    *Reversed.*

*M. M. Bachelder,* for appellants.

*H. H. Ristine* and *T. H. Ristine,* for appellees.

DOWLING, J.—In this suit the appellant, Dora Clements, seeks to recover from the appellee, Charles E. Davis, as sheriff of Montgomery county, one-third of the proceeds of the sale of a lot of land owned by Robert Clements, the husband of the said Dora, sold by said sheriff under a decree of foreclosure, and to enjoin the said sheriff from paying the sum so claimed by the said appellant to certain judgment creditors of her husband, the mortgage debt, with interest and costs, having been fully paid, and an amount sufficient to pay said one-third remaining in the hands of said sheriff.

This is a second appeal. *Davis* v. *Clements,* 148 Ind. 605. When here before the complaint was held insufficient,

VOL. 155—40

and the judgment of the Montgomery Circuit Court, upon a demurrer thereto, was reversed. The complaint was amended, and new parties were added. The appellant, Robert Clements, filed a cross-complaint. The defendants below demurred separately to the complaint as amended, and to the cross-complaint. These demurrers were sustained, and, the appellants failing and refusing to plead further, judgments were rendered against them respectively. They appeal, and the errors assigned are the rulings of the court upon the demurrers. Objection is made that there is a defect of parties in the assignment of errors, for the reason that Robert Clements, the husband of Dora Clements, is not joined as an appellee. He disclaimed all interest in the moneys demanded by his wife in her complaint, and there was no judgment in his favor against her. He had, therefore, no interest in the controversy. He unites with her as an appellant, as he is authorized to do, and, in our opinion, it was not necessary to join him as an appellee. *Hogan* v. *Robinson,* 94 Ind. 138; *Case* v. *Case,* 137 Ind. 526; *Stewart* v. *Babbs,* 120 Ind. 568; *Magel* v. *Milligan,* 150 Ind. 582.

The material facts alleged in the complaint as amended were as follows: The Ladoga Building Loan Fund and Savings Association brought suit in the Montgomery Circuit Court to foreclose a mortgage executed by the said Robert Clements and Dora Clements, his wife, on a lot of land owned by Robert Clements, the husband, situated in the city of Ladoga, in said Montgomery county. The mortgagors, together with Daniel J. Davis and Thomas Rankin, who held a judgment against Robert Clements, were made defendants. Robert Clements and wife were personally served, but did not appear to the action, and judgment was taken against them by default. Davis and Rankin appeared and filed their joint answer to the complaint. Judgment was rendered in favor of the Ladoga, etc., association, for the foreclosure of the mortgage, and the sale of the mort-

gaged premises.  The decree directed the application of the amount realized from the sale of the property, (1) to the payment of the costs of the suit; (2) to the payment of the mortgage debt and interest, and (3) to the payment of the judgment in favor of Davis and Rankin.  An order of sale, in pursuance of the said decree, was issued to the appellee, Charles E. Davis, the sheriff of said Montgomery county, and by virtue thereof he advertised and sold the real estate described in the decree for the sum of $1,200.  Out of this amount the sheriff paid the costs of the suit and the claim of the Ladoga, etc., Association, with interest, and threatened to apply the residue in his hands, amounting to upwards of $400, to the said judgment of Davis and Rankin, agreeably to the terms of the judgment of foreclosure.  The appellant Dora Clements was the wife of the said Robert Clements at and before the time when said judgment in favor of Davis and Rankin was rendered, and ever since has remained his wife.  The judgment of the said Davis and Rankin, and the lien thereof, were general, and not specific.  It was alleged that after the payment of the mortgage debt, interest, and costs, the said Dora Clements as such wife was entitled to have paid to her an amount equal to the one-third of the sum the said real estate brought, before the payment of the claim of the said judgment creditors, Davis and Rankin. It was also alleged that the sheriff, Charles E. Davis, would, unless restrained by the order of the court, pay the whole of the balance of the proceeds of the sale of said real estate in his hands to the said judgment creditors, Davis and Rankin, as directed by the decree.  Prayer for a temporary restraining order, and for judgment for $400, etc.  Copies of the complaint in the foreclosure suit referred to, the answer of the judgment creditors, Davis and Rankin, thereto, and of the judgment or decree, were made exhibits, and were filed with the complaint.

The only allegation of the complaint, in the foreclosure suit, concerning the judgment of Davis and Rankin, as

shown by the copy thereof filed in this action, was this: "That the defendants David J. Davis and Thomas Rankin, hold a judgment against one James F. Luther, and the defendant Robert Clements, jointly, as appears of record in the clerk's office of Montgomery county, Indiana, in the sum of $921, and costs taxed at —— dollars, taken on the 27th day of April, 1895, which plaintiff claims is subsequent to this mortgage."

The answer filed by the said judgment creditors, Davis and Rankin, omitting its title, was in these words: "The defendants David J. Davis and Thomas Rankin, for separate joint answers to the complaint herein, say, that on the 27th day of April, 1895, they recovered a judgment against the defendant Robert Clements, which said judgment is a lien upon the real estate in the complaint and mortgage mentioned, and they ask that in the judgment and decree rendered in this cause that their interest be protected, and that, if said mortgaged premises sell for an amount in excess of said mortgage debt, that the excess be paid to these defendants on their said judgment lien."

The court rendered a judgment for the sale of the mortgaged property, and directed that the proceeds of such sale be applied as follows: "(1) To the payment of all costs accrued, and to accrue, in this cause; (2) to the payment of the amount due the plaintiff as found in this judgment, with interest thereon as aforesaid; (3) to the payment of the amount due the defendants David J. Davis and Thomas Rankin on their judgment aforesaid; the overplus, if any, remaining after the payment of the foregoing judgments, interest, and costs, to be paid by the sheriff to the clerk of this court for the use of the party, or parties, lawfully authorized to receive the same," etc.

The question for decision is whether, under the allegations of the complaint, the appellant Dora Clements, as the wife of the owner of the real estate sold, is entitled to one-third of the proceeds of the sale of said lot, the residue of

such proceeds having been more than sufficient to discharge the mortgage debt, interest, and costs, and leaving in the hands of the sheriff a sum exceeding the one-third of the amount for which said real estate sold. The appellant Dora Clements claims the said one-third of such proceeds under the provisions of §2669 Burns 1894, which is as follows: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

The appellees Davis and Rankin contend that they are entitled to the funds in the hands of the sheriff by virtue of the decree in the foreclosure suit directing the payment of their judgment out of the proceeds of the sale of the real estate next after the discharge of the mortgage debt of the Ladoga, etc., Association. The appellant Dora Clements insists that this judgment is void as against her for the reason that she had no notice of any claim of the said Davis and Rankin against her inchoate interest, and that neither the complaint nor any cross-complaint sought to subject her inchoate interest in the real estate to the pay·· ment of the judgment of these creditors of her husband. To this the appellees reply that the court had jurisdiction

of the subject-matter of the action of the parties to the suit, and that its judgment establishing the priorities of the defendants in that case among themselves, and directing the distribution of the fund is binding upon all the parties, and is not open to collateral attack.

If Mrs. Clements had appeared to the foreclosure suit, and had properly set up her claim to the one-third of the proceeds of the sale of the mortgaged premises, after the payment of the mortgage debt, interest, and costs, it is clear that under the provisions of §2669 of the statute, *supra,* such claim must have prevailed. The appellees Davis and Rankin had no right to subject Mrs. Clements' inchoate interest in her husband's real estate to the payment of their claim. Was there anything in any of the pleadings which required Mrs. Clements to appear and assert her claim against these judgment creditors of her husband, who had only a general lien upon his real estate? Upon her failure to appear, had the court jurisdiction to render a judgment barring her claim to the estate given her by the statute? Was the judgment rendered of such a character as to prevent her from establishing her claim in the present suit?

As the appellant Dora Clements was a party defendant to the foreclosure suit, and the complaint therein averred that her codefendants, Davis and Rankin, held a judgment against Robert Clements for $921 and costs, rendered April 27, 1895, and subsequent to the execution of the mortgage sued on, a new summons or a voluntary appearance was not required to bring her before the court for the purposes of a cross-complaint by her codefendants who held the judgment. In other words, matter was apparent on the face of the complaint which would have authorized the filing of a cross-complaint against her by her codefendants, Davis and Rankin, and relief thereon, without new process, or a voluntary appearance. *Fletcher* v. *Holmes,* 25 Ind. 458; *Pattison* v. *Vaughan,* 40 Ind. 253; *Lewis* v. *Bortsfield,* 75 Ind. 390;

Clements *v.* Davis.

*Swift* v. *Brumfield,* 76 Ind. 472; *Bevier* v. *Kahn,* 111 Ind. 200.

It may be stated as a general rule, subject, however, to some restrictions, that one defendant can have no affirmative relief against a codefendant in a foreclosure suit, without a cross-complaint setting forth the particulars of his claim, and tendering an issue.   All the decisions in this State upholding the jurisdiction of the court to settle conflicting claims of title and questions of priority of lien or interest proceed upon the ground that proper issues have been tendered.   Where there is a default, the judgment is held to be conclusive only as to such matters as are properly averred or charged in the pleadings, and which might have been litigated under them, although some authorities announce a less rigid rule.   5 Ency. Pl. & Pr., p. 638.

In a suit to foreclose a mortgage, when a party is made a defendant to answer generally as to any interest he may have in the mortgaged premises, a default may be taken as an admission that he has no title to, or interest in, the property adverse to the claim of the plaintiff under the mortgage; but such default does not operate as an admission of the claims of codefendants which are not exhibited either in the complaint or in a cross-complaint.   *Masters* v. *Templeton,* 92 Ind. 447; *Barton* v. *Anderson,* 104 Ind. 578; *Craighead* v. *Dalton,* 105 Ind. 72; *Adair* v. *Mergentheim,* 114 Ind. 303; *Bundy* v. *Cunningham,* 107 Ind. 360; *O'Brien* v. *Moffitt,* 133 Ind. 660, 36 Am. St. 566; *Ulrich* v. *Drischell,* 88 Ind. 354.

In this case, the only averment in regard to the appellant Dora Clements was that she joined her husband in the execution of the mortgage to the Ladoga, etc., Association.

The answer filed by the appellees Davis and Rankin was nothing more than an admission of the allegations of the complaint, and a prayer that their interests be protected, and that any surplus of the proceeds of the sale of the mortgaged premises, after the payment of the mortgage debt and

costs, be applied on their judgment. This answer was addressed to the complaint alone; the appellant Dora Clements was not named in it; no fact is stated which it was necessary for her either to deny, or to confess and avoid; no right was asserted to subject her inchoate interest in her husband's real estate to the payment of the judgment of these creditors. Neither did these creditors, Davis and Rankin, file any cross-complaint. Under these circumstances, it cannot be said that any issue was tendered to Mrs. Clements as to her interest in the real estate, or in the proceeds of its sale.

But, even if the answer to the complaint had disclosed a claim by her codefendants to the fund to arise from the sale of the mortgaged premises, adverse to her interest in the same, a judgment settling the issue so made in favor of the defendants, Davis and Rankin, would not have determined the question between them and their codefendant, Dora Clements. *Jones* v. *Vert*, 121 Ind. 140, 16 Am. St. 379; *Leaman* v. *Sample*, 91 Ind. 236; *Gipson* v. *Ogden*, 100 Ind. 20; *Finley* v. *Cathcart*, 149 Ind. 470.

The nature of the interest of the appellant Dora Clements in the mortgaged premises was not such that a failure to assert it against judgment creditors, who held only a general lien by virtue of their judgment against the real estate described in the plaintiff's mortgage, would result in its loss.

That interest was not a mere encumbrance or lien, but it was an estate in the land itself, upon which the judgment was not a lien. §2669 Burns 1894; *Mark* v. *Murphy*, 76 Ind. 534; *Bever* v. *North*, 107 Ind. 544; *Tanguey* v. *O'Connell*, 132 Ind. 62; *Ohio, etc., Ins. Co.* v. *Bevis*, 18 Ind. App. 17.

Before a judicial sale of the mortgaged premises this interest was inchoate only; immediately upon such sale, it became perfect or absolute. The appellant could not assert it against the mortgagee so as to prevent the sale of the

Clements *v.* Davis.

whole of the mortgaged premises because she had joined in the execution of the mortgage; but, immediately upon a sale under the decree, if the proceeds of that sale were more than sufficient to pay the mortgage debt, interest, and costs, she became entitled to an amount equal to one-third of the purchase money, payable out of the excess. This portion of the proceeds of the sale represented and is to be regarded as derived from the wife's interest in the real estate sold.

It is said in Freeman on Judgments, §§303, 303a, that a wife, sued jointly with her husband in an action to foreclose a mortgage, need not set up her inchoate right of dower in the land sought to be sold. A decree in such case will not devest any rights held paramount to the title of the mortgagor when he executed the mortgage. The right of the wife of the mortgagor to dower is such a paramount right, and, if she be made a party after becoming a widow to a suit to foreclose a mortgage, executed by her husband alone, and no allegation be made in the bill in reference to her claim for dower the decree will not be considered as affecting her dower estate.

In order to conclude the wife's right of dower, it must, in all cases, be specifically put in issue where the proceeding is to enforce any claim to which her right of dower was paramount. *Frost* v. *Koon,* 30 N. Y. 428, 444; *Lewis* v. *Smith,* 9 N. Y. 502; *Malloney* v. *Horan,* 49 N. Y. 115; *De Armond* v. *Preachers' Aid Soc.,* 94 Ind. 59; *Whitney* v. *Marshall,* 138 Ind. 472.

The rule laid down in regard to an inchoate right of dower applies with equal force to the inchoate estate of the wife in the lands of her husband created by the statutes of this State. In a suit to foreclose a mortgage on the lands of the husband, executed by husband and wife, to which suit general judgment creditors of the husband are made defendants, and to which the wife is a party, it is not necessary that she should set up her inchoate right to one-third of the lands mortgaged, or the proceeds of their sale as

against the judgment creditors; and when her interest in the land is not specifically put in issue, she will not be concluded by a judgment directing the sale of the land, and the application of the proceeds, after the payment of the mortgage debt, to the discharge of the general judgments against her husband.

In the present case, there is nothing either in the pleadings or in the judgment which concludes the claim of the appellant, Dora Clements, to that portion of the proceeds of the sale of the mortgaged property which was derived from her inchoate estate.

It sufficiently appeared from the averments of the amended complaint that the appellant, Dora Clements, was lawfully entitled, under the statute, to the one-third of the proceeds of the sale of the real estate claimed by her, and that her right thereto was not barred by the judgment.

The demurrer to the cross-complaint of Robert Clements was properly sustained. His interest in the mortgaged premises was subject to the lien of the judgment of Davis and Rankin, and as against them he had no claim whatever to the surplus of the proceeds of sale after the payment of the mortgage debt and costs.

For the error of the court in sustaining the demurrer of the appellees to the complaint of the appellant Dora Clements the judgment is reversed, with instructions to overrule said demurrer, and for further proceedings in accordance with this opinion.