## NICKEY ET AL. *v.* ZONKER.

[No. 4,291.   Filed May 12, 1903.]

PLEADING.—*Conversion.*—*Counterclaim.*—In an action for conversion, a counterclaim by defendant, based upon alleged facts in no way connected with the acts of conversion complained of, is properly stricken out. *pp. 89, 90.*

TRIAL.—*Materiality of Evidence a Question of Law.*—The question as to whether evidence is material is a question of law, the determination of which, in a civil action, is solely with the court. *p. 90.*

From Steuben Circuit Court; *J. A. Woodhull,* Special Judge.

Action by Anthony Zonker against Addison B. Nickey and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*T. R. Marshall, W. F. McNagny, P. H. Clugston, D. M. Link* and *S. A. Wood,* for appellants.

*C. M. Phillips, T. A. Redmond, S. A. Powers, A. C. Wood, W. G. Croxton* and *F. M. Powers,* for appellee.

HENLEY, J.—The first trial of this cause was in the DeKalb Circuit Court, where the action was originally commenced. A *venire de novo* was granted, and the cause venued to Steuben county, where the second trial occurred. Upon appeal to this court, the judgment of the circuit court of Steuben county was reversed. *Nickey* v. *Zonker,* 22 Ind. App. 211. This appeal is from a judgment rendered against appellants upon the third trial of the cause.

Briefly stated, the facts out of which the controversy arose were as follows: Anthony Zonker, in the year 1895, was the owner of real estate in DeKalb county, on which

there was standing growing timber which he desired to sell. Appellant Daniel Blucher was engaged in the business of buying standing timber. Blucher purchased of Zonker the timber in dispute under a certain agreement, by the terms of which Blucher agreed to cut the trees and saw them into logs, and pay for them before removing them from the ground. Upon the question of grading, Blucher contends that it was agreed that he should grade and scale the timber, and Zonker contends that the timber was to be graded and scaled to his satisfaction, all of which, including the payment of the purchase price, it was agreed should be done before any of the timber could be removed. Blucher sold the timber in the meantime to his co-appellants, who were engaged in the manufacture of lumber under the firm name of A. B. Nickey & Sons, who thereupon removed the timber from the premises and possession of appellee. At the time A. B. Nickey & Sons took possession of and removed the timber from the land of appellee, it is appellee's claim that Blucher had not paid him for it, nor had it been scaled and graded to his satisfaction. Appellee's complaint is for damages for the conversion of the timber by appellants.

Appellant Blucher filed a counterclaim in two paragraphs. All of the appellants answered by general denial. Appellee's motion to strike out the counterclaim of appellant Blucher was sustained. This action of the trial court is the first alleged error brought to our notice. Appellants' brief does not contain any statement of the contents of the counterclaim, and we might well refuse to consider its sufficiency. An examination of the record, however, discloses that the facts averred in the counterclaim are not connected with and do not depend upon the acts of conversion upon which appellee's cause of action is based. *Crowe* v. *Kell*, 7 Ind. App. 683.

The conversion of the timber was a tort, pure and simple, and wholly disconnected from the contract between

Blucher and Zonker. The counterclaim was properly stricken out.

Appellants' motion for a new trial, which was overruled, assigns, amongst other causes, that the court erred in giving to the jury each of a large number of instructions. The instructions given the jury cover thirty-three typewritten pages of the record. We are convinced that the instructions, considered as a whole, had a tendency to confuse the jury. And in instruction number thirty the jury were told that they were the judges of the materiality of the testimony of the witnesses. This is not the law. The question of whether the evidence is material is for the court, and all the evidence which the court decides is material must be considered by the jury with due regard to the credibility of the witnesses; for, of the credibility of the witnesses and the weight of the testimony, the jurors are the judges. The question of whether evidence is material is a question of law, the determination of which, in a civil action, is solely with the court.

Appellants' motion for a new trial ought to have been sustained. Judgment reversed, with instruction to the trial court to grant a new trial.