SUPREME LODGE OF MODERN AMERICAN FRATERNAL ORDER *v.* MILLER.

[No. 8,659. Filed December 9, 1915.]

1. CONTRACTS.—*Power to Contract.*—*Enforcement.*—All persons who are competent may contract with each other as they please and the courts will enforce their agreements if the same are legal and not against public policy. p. 271.

2. INSURANCE.—*Warranties.*—*Breach.*—Where it is agreed that the application for insurance shall be a part of the policy, and the statements in such application are warranted to be true, such statements will be deemed to be material, and if they are false there can be no recovery on the policy, regardless of whether they were innocently made or otherwise; and, even where such statements are construed merely as representations, there can be no recovery if they were material to the risk and were untrue. p. 271.

3. INSURANCE.—*Warranties.*—*Breach.*—*Evidence.*—Where the applicant for a benefit certificate stated in his application that he had never received sick benefits, that he had never been rejected as an applicant for insurance, that there was nothing in his physical condition or personal history tending to impair or shorten his life, that he had suffered no illness not specifically inquired about, and

had never had any disease of the abdominal viscera or chronic ulcers, and that he had never consulted a physician, such statements were material to the risk, so that on uncontradicted proof that the statements regarding sick benefits and other insurance were not true a rescission of the contract was warranted, in the absence of a waiver, regardless of whether they be considered as warranties or as representations.   p. 272.

4.   INSURANCE.—*Action on Policy.*—*Evidence.*—*Verdict.*—Where the uncontradicted evidence showed that statements in the application material to the risk were untrue, and that the insurer immediately rescinded the contract upon learning of their falsity, and tendered back the premiums received, a verdict for plaintiff in an action on the policy was in conflict with the evidence and not in accord with the principles of law controlling such cases.   p. 274.

5.   APPEAL.—*Review.*—*Instructions.*—In an action on a policy of insurance where the question of the construction of the contract was solely for the court, as was also the question of whether defendant had made a timely rescission of the contract, the court erred in instructing the jury that it should determine the facts and say whether such facts showed a disaffirmance within a reasonable time, as well as in giving instructions that were outside the issues and misleading.   p. 274.

From Superior Court of Allen County;  *Ed. O'Rourke,* Judge.

Action by Lydia Miller against the Supreme Lodge of Modern American Fraternal Order. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Leonard, Rose & Zollars,* for appellant.

*William C. Ryan* and *Charles J. Ryan,* for appellee.

IBACH, C. J.—Appellee, beneficiary of her husband, John Miller, deceased sued appellant to recover the amount of a fraternal insurance policy issued by it on the life of her said husband. The answer of appellant is a breach of the warranties contained in the application upon which the beneficiary certificate was issued and which by the terms of such certificates becomes a part of it. The reply stated that statements made to the appellant's medical examiner by the decedent were true, but

that in certain respects the medical examiner had not truthfully recorded his answers in the application. A trial by jury resulted in a verdict for appellee for the amount of the certificate, $1,000. The court overruled appellant's motion for new trial and entered judgment on the verdict. The overruling of this motion is the only error assigned.

John Miller, the insured, in his application for insurance warranted his answers to the several questions contained in the medical examination to be true and agreed that such answers should constitute a part of the contract between himself and appellant and that the same should be binding upon him and his beneficiary and further agreed that any false statement in such answers or any of them or in any part of any of them should render the contract null and void, and forfeit the rights of himself or beneficiary to all benefits under the policy. All persons who are competent are at liberty to contract with each other as they may desire, and the courts will enforce such contracts if legal and not against public policy when called upon so to do. With respect to insurance contracts, the rule in this State seems to be that where it is expressly agreed that the application for life insurance shall be a part of the certificate or policy and the statements in such application are warranted to be true, such statements will be deemed material, and if proven to be false, there can be no recovery on the policy, whether they were made innocently or not. *Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 99 N. E. 745. The applications and certificate involved in this case plainly show that the answers were intended by both parties to be treated as warranties, but if they were construed merely as representations, it would make no difference in our holding, for the answers

which were proved to be false were material to the risk.

In his application the insured, in substance, made the following statements: that he had never received sick benefits from any other. society; 3. that he had never applied to any company for insurance without receiving a policy of the exact kind applied for; that there was nothing in his physical condition or personal history tending to impair or shorten his life; that he had never had any disease of the abdominal viscera or chronic ulcers; that he had had no illnesses not specifically inquired about; that he then had no physician; and that he had never consulted a physician. The uncontradicted evidence shows that the assured had upon three different occasions, been paid sick·benefits from the Eagles' society for disabling sickness·covering a period of fourteen weeks; and that but a few. months before the date of the application he had applied for reinstatement in the Bankers Life Insurance Company of Iowa and had been refused; that he had consulted with and been treated by several physicians during the three years immediately preceding the time of application; that he had been treated for gastritis of the stomach, ulcers and syphilis, and at one time a conference of physicians was held with a view of performing a major operation to relieve him from his troubles. There was some evidence tending to show that the doctor who wrote the answers to the questions contained in the application relating to diseases and certified to making a medical examination, had not made a complete examination, and had falsified some of Miller's answers and filled in other blanks without asking him the questions and that such physician knew that the appellant was complaining of stomach trouble when the application

was made.   It is unnecessary for us to discuss the
legal effect to be given the conduct of the physician
as shown by some of the evidence relating to the
foregoing.   It is sufficient to state that there is no
evidence showing or tending to show that the state-
ments made by the insured that he had not received
sick benefits from other societies and had never
been refused insurance on application, and that he
had not consulted physicians theretofore, were not
written exactly as Miller had stated them and there
is no contention but that they were written just
as they were made.   Indeed by appellee's reply it
was admitted that the answers relating to sick bene-
fits and other insurance were written as made, and that
such answers as made were in fact true.   Appellee's
contention is that there is no evidence to show these
particular answers were untrue.   With this con-
tention we can not agree, for all the evidence in re-
gard to sick benefits, and other insurance are en-
tirely uncontroverted by appellee's evidence, and
whether they be construed as representations or
warranties, they were made with reference to facts
material to the risk, and afforded ground for the
prompt rescission of the contract, unless there has
been a waiver of such false statements, which is not
the case here.   *Union Cent. Life Ins. Co.* v.
*Hollowell* (1897), 20 Ind. App. 150, 153, 50 N. E. 399;
*Iowa Life Ins. Co.* v. *Haughton* (1910), 46 Ind.
App. 467, 472, 87 N. E. 702; *Security, etc., Ins. Co.*
v. *Webb* (1901), 106 Fed. 808, 45 C. C. A. 648,
55 L. R. A. 122; *Eddington* v. *Aetna Life Ins. Co.*
(1879), 77 N. Y. 564, 568.   4 Elliott, Contracts
§§4118, 4380, 4381.

Upon the question of rescission there is no dis-
pute in the evidence, for it appears therefrom that
immediately upon learning that Miller had received

sick benefits from other societies and had made application for other insurance which had been refused, appellant immediately rescinded the contract of insurance and tendered back the amount of premiums received by it. We fail to see what good purpose can be accomplished by discussing the evidence received on these propositions, for after all it is apparent that the uncontradicted evidence establishes a state of facts in direct and irreconcilable conflict with the verdict, and the judgment rendered on the verdict is not in accord with the principles of law controlling such cases.

Certain instructions are also questioned by appellant, and we need not consider them separately, it is sufficient to say that the construction of this particular contract was exclusively for the court. It is in writing, plain and unambiguous, and the jury under all the circumstances of the case had nothing to do with its construction. *Union Life Ins. Co.* v. *Jameson* (1903), 31 Ind. App. 28, 31, 67 N. E. 199. Neither was there any dispute with reference to the evidence relating to the knowledge which appellant had acquired of the breach of the warranties enumerated and the facts connected with the rescission of the contract, so that the question as to whether there was a timely rescission of the contract of insurance, under the facts of this case, was also one exclusively for the court and not for the jury. *Metropolitan Life Ins. Co.* v. *Frankel* (1915), 58 Ind. App. 115, 103 N. E. 502; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281, 12 N. E. 315; *Baker* v. *German Fire Ins. Co.* (1890), 124 Ind. 490, 24 N. E. 1041; *Morgan* v. *McKee* (1874), 77 Pa. St. 228; *Nickey* v. *Zonker* (1903), 31 Ind. App. 88, 67 N. E. 277. Consequently there was error in giving the instruc-

tion complained of which informed the jury that it was for it to determine the facts, although undisputed, and was for it to say as a matter of law whether the facts showed a disaffirmance within a reasonable time.

Other instructions given were outside the issues and the effect which would necessarily follow therefrom would be to confuse and mislead the jury. Error in giving such instructions can not be regarded as harmless. *Summerlot* v. *Hamilton* (1889), 121 Ind. 87, 91, 22 N. E. 973.

The commission of the indicated errors requires the reversal of the judgment. Judgment reversed.

NOTE.—Reported in 110 N. E. 556. As to misrepresentations by assured as to health, see 3 Am. St. 634. As to forfeiture of life insurance by false representations with respect to previous applications for insurance, see 55 L. R. A. 122. See, also, under (1) 9 Cyc 587; (2) 25 Cyc 805, 806; (3) 29 Cyc 89; (5) 38 Cyc 1511, 1602, 1612.