STATE OF INDIANA *v.* LEE ET AL.

[No. 28,456. Filed February 7, 1949.]

*Cleon H. Foust,* Attorney General, *Connor D. Ross,* Deputy Attorney General, for appellant.

*Donald R. Mote,* of North Manchester, *John W. Whiteleather,* of Columbia City, for appellees.

GILKISON, J.—This is an action filed by the state on February 3, 1947, to condemn a strip of real estate belonging to appellees, in Kosciusko County, for the relocation of State Road No. 13. Appraisers appointed awarded appellees $2,500 damages and $468 for the value of the real estate taken, a total of $2,968 from which the state appealed, and filed exceptions to the award. The cause was venued to the Whitley Circuit Court, where it was tried by the judge, without a jury, and judgment was rendered for $3,200 in favor of appellees.

A motion for new trial timely filed by the state was overruled, and the cause appealed to this court.

Error is assigned only on the overruling of the motion for new trial.

The motion for new trial raises the following questions:

1. (a) The ruling of the court in sustaining appellees' objection to State's exhibit "A"—a certified photostatic copy of a recorded grant of an easement for right of way to a strip of land extending across the involved farm paralleling and near to the right of way appropriated in this action, to the state on September 9, 1941, by appellees' predecessors in title and for which the state paid the owners $1,215.

1. (b) (c) (d) Sustaining an objection, over an offer to prove, to a question to each of three witnesses offered by appellant.

2. The decision is contrary to law.

3. The court erred in the assessment of the amount of recovery in that the amount is too large.

We shall discuss the questions in the order given.

1. (a) Appellant's exhibit "A" heretofore partially described was regularly executed on September 9, 1941. By it the state became the owner of an easement for a right of way upon which to locate a public highway it proposed to improve. However, it never at any time availed itself of the easement so purchased by taking possession of the real estate described therein or by making or starting to make the improvement. On the contrary appellees and their grantors have remained in possession of the land described in the easement, paid the taxes thereon and used and occupied the same. Later for its own reasons, the state concluded not to use the easement at all, and instead brought this condemnation proceeding to take other lands belonging to appellees upon which to locate and improve the highway.

The only question before the trial court was as to the amount of damages due appellees. On this subject appellant offered its "Exhibit "A," as evidence, on the theory that this exhibit indicates that thereby appellees' farm was severed and if so they would not be entitled to damages for severance in this action. In other words it would be evidence tending to reduce the amount of damages.

By the written easement in question undoubtedly the state had a right to sever the farm for the purposes named in the instrument, but, of course, it could waive this right if it wished. This it seems to have elected to do at least for the present and probably permanently. The fact that this condemnation suit is brought to secure a right of way for the highway at a different location from that described in the written easement is an indication of that election. So far as indicated by the pleadings and evidence

the severance of the farm by this proceeding is the original and sole severance contemplated by the state. In this situation we do not think the trial court erred in sustaining appellees' objection to this offered evidence. In determining the competency of the exhibit offered in evidence it is unnecessary for us to determine whether the state has lost its title to the right of way described in the exhibit by reason of the limitations expressed in either § 3-1710 or § 36-1808, Burns' 1933, or by abandonment and we do not attempt to do so. In either situation the ruling was correct. Had the state exercised its rights under the easement granted, prior to bringing this action to condemn, a different question would be presented and probably a different ruling would have been made by the trial court.

The building of highways was abated during World War Two by an emergency order promulgated under the war powers of the federal government. This would account for at least some of the delay in the construction of the road in question. But we do not believe this order in any way influenced appellant to desire a change of location of the highway across appellees' farm. Appellant has not claimed that this order in any manner was responsible for such change.

The exact question presented with respect to the admissibility of the exhibit so far as we can find, has not been presented to this court before. It must therefore be determined by the application of the general rules with respect to legal relevance. While offered evidence may be logically relevant, its admission must be subject to the primary test of its value in the particular case. Practical conditions do not permit the court to hear every matter that may be in any degree logically relevant to the issue, but require that matters received as evidence shall have a higher

degree of probative force which may be termed legal relevancy or materiality. Offered evidence which does not measure up to this requirement may be properly rejected. The exclusion of evidence as not material either because too remote, too uncertain or too conjectural is a matter largely within the discretion of the trial court. See 31 C. J. S., Evidence, § 159, p. 866. *Nickey* v. *Zonker* (1903), 31 Ind. App. 88, 90, 67 N. E. 277. *The Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281, 286, 12 N. E. 315. *Jones* v. *Julian* (1859), 12 Ind. 274; 20 Am. Jur., Evidence, §§ 246, 247, p. 239, 240.

We have examined the issue as made by appellant's amended complaint, the answer thereto; the instructions to the appraisers, their report, and the exceptions of the parties thereto. We find no issue presented by appellant or appellees that would make the offered evidence necessarily competent. A party may not complain of the rejection of evidence, the admission of which was not authorized by his pleadings. *The Muncie National Bank* v. *Brown* (1887), 112 Ind. 474, 482, 483, 14 N. E. 358.

In the trial court, while insisting that the granted but unused easement constituted a severance of appellees' farm, appellant's attorney also said "In this case the statute provides that the land in the original location reverts in the event that no other landowner is served at that particular point. It automatically reverts to the land." Since the easement was never opened or used, of course, no other landowner was served by it.

It thus appears that the state sought to ask for a reduction of damages because the unused easement severed the farm, and at the same time sought to further reduce the damages by the value of the easement because it had reverted to the land. It

was not entitled to take both positions. But if it be true that the right to the easement had reverted to the land as substantially asserted by the state then there had been no completed severance of the farm, until the condemnation in this case. For this reason, too, the trial court properly sustained the objection to the offered exhibit.

1. (b), (c), and (d).

As part of its evidence, appellant asked its witnesses, Earl Himes, John Norris and John Beeler each, the following question:

> "Q. 'I will ask you a question, Mr. Himes, and you will not answer until you are instructed. Assuming that the State, through the State Highway Commission, previous to the filing of this proceeding on September 9, 1941, procured of the owners of the farm in question by grant a right of way west of and near to the strip condemned in this proceeding, which strip so procured by grant contained approximately the same area, and that it lay practically parallel to the strip condemned in this proceeding, and at one point on each end extended into the strip so condemned in this proceeding, and that the defendants bought the land after the execution of the grant to the State, and assuming further that the State had the right to construct a highway on the strip described and conveyed in said grant, and assuming further that the State, through the Highway Commission, by this proceeding has condemned a strip approximately parallel to the strip described in said grant for the purpose of relocation of the highway through defendants' lands, and that by so relocating all that strip described in said grant, not included within the strip so condemned, reverts to the defendants, state whether in your opinion the defendants' real estate has or has not been damaged by reason of the appropriation of the strip of land involved in this proceeding.' "

An offer to prove was made that the witness Himes would answer that the damages would be $200, and that

each of the other two witnesses would say there would be no damages.

The court sustained the objection, to the question in each instance.

What we have said with reference to the admissibility of appellant's exhibit "A" is equally applicable to the question propounded by the state to each of these witnesses. The question contains the statement ". . . that by so relocating all that strip described in said grant, not included within the strip so condemned, reverts to the defendants." It will be noted by the question that by this action the state is seeking to condemn a small portion of the real estate located at each end of the easement granted in its exhibit "A." By so doing it recognized that the real estate located within the granted easement had already reverted to appellees. Having recognized this fact, any answer to the question as propounded, could have served only to confuse the issue. We find no error in sustaining the objection in each instance.

2. Appellant does not discuss the proposition that the decision is contrary to law, except in so far as the decision may be influenced by the exclusion of the offered evidence above noted. In passing upon the validity of the rulings on the objections to this offered evidence we have decided that the finding could not be contrary to law for this reason.

3. Considerable evidence was offered on the subject of appellees' damage by reason of the condemnation of the real estate in question. Five witnesses testifying for appellees on this subject placed the total damages at amounts ranging from $3,500 lowest to $5,600 highest.

Appellant's six witnesses estimated the total value of the farm just prior to the condemnation at from $8,000

to $10,000. None were asked as to its value after the condemnation, except the three witnesses each of whom were asked only the hypothetical question aforestated to which an objection was sustained.

From this mass of evidence the court fixed the total damage at $3,200. This amount was certainly well within the evidence. The judgment is therefore not excessive.

Finding no error the judgment is affirmed.

NOTE.—Reported in 83 N. E. 2d 778.