## MATTIX v. WEAND and Others.

The taking of a mortgage to secure the payment of purchase money, is an abandonment of the vendor's equitable lien for the same.

The equitable lien for purchase money, once fairly and voluntarily abandoned, is lost forever.

The surrender of a mortgage, voluntarily, on a fair contract, for other security, is an abandonment of the same, and does not revive the equitable lien.

APPEAL from the *Clinton* Circuit Court.

PERKINS, J.—*Samuel Mattix* owned a piece of real estate,

and sold it to *Charles Wolf.* He took a mortgage for unpaid purchase money. That act was an abandonment of the vendor's equitable lien. Adams' Eq., Am. ed., p. 341, note. Williams on Real Prop., Am. ed., p. 362, note. *Harris* v. *Harlan,* 14 Ind., p. 439.

An equitable lien for purchase money, once abandoned, fairly and voluntarily, is abandoned forever.

Subsequently, *Mattix* gave up and satisfied his mortgage, taking the individual note of one *Weand,* in lieu of it, as his security for his money. He thereby relinquished his mortgage lien, the surrender of the mortgage having been voluntary, upon a fair contract.

This suit was instituted by *Mattix,* on the hypothesis that he could fall back upon a vendor's lien, and for the enforcement of such a lien, in this case.

The Court below rightly held that it would not lie.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. N. Sims,* for the appellant.

*R. P. Davidson, J. E. McDonald,* and *A. L. Roache,* for the appellees.