JAMES A. CROOKER, *in Equity,* *versus* SIMON C. FRAZIER.

If a judgment creditor extend his execution on a portion of the land mortgaged to secure the same debt, and the debtor neglect to redeem for the space of one year thereafter, so much of the estate as is covered by the levy is absolute in the creditor, notwithstanding the mortgage.

The creditor may redeem the residue, however, by bill in equity; and the Court will appoint a master to ascertain the amount of rents and profits

upon the whole of the premises, to the time of the levy, and upon the residue, from that time, until a release shall be executed and possession surrendered by the respondent, for which sum and costs execution will be issued.

BILL IN EQUITY.

The case was heard on demurrer.

The facts sufficiently appear in the opinion of the Court.

*Tallman & Larrabee,* for the plaintiff.

*Whitmore,* for the defendant.

The opinion of the Court was drawn by

BARROWS, J.—This plaintiff, on the 20th day of December, 1858, conveyed in mortgage to the defendant a piece of land, in Bath, with a dwellinghouse thereon, to secure his note to the defendant for the sum of $100, payable on the 1st day of June, 1859, with interest. The defendant entered into possession of the mortgaged property when the mortgage was executed, and still retains possession of it. But it appears that he commenced a suit against the plaintiff upon the note secured by the mortgage, for the December term of this Court, 1859, in which judgment was finally rendered in his favor at the April term, 1861, and he levied his execution upon a portion of the mortgaged premises. The debtor took no steps to redeem from this levy, or to have the amount due ascertained, according to the statute, but, about a year afterwards brings this bill, claiming the right to redeem the mortgaged premises and hold them unencumbered by mortgage or levy, upon payment, which he offers to make, of any balance that may be found due upon the mortgage debt, after deducting the net rents and profits received by this defendant. He insists that this defendant had no right to levy his execution upon a portion of the mortgaged premises, and thereby reduce the time allowed him for redemption from three years to one.

But it was held in *Porter* v. *King,* 1 Greenl., 297, that a mortgagee may extend his execution on land mortgaged

for the same debt, and, if the debtor neglect to redeem within the year after the extent, the estate becomes absolute in the creditor notwithstanding the mortgage. No reason is perceived for reversing this decision.

The debt is the principal thing. The mortgage is designed to secure the ultimate payment of it to the creditor. But if he pleases to waive that security and proceed to collect his debt in the ordinary process of law, it is not for the debtor to complain. He is subjected to no illegal burden. The accepting a mortgage does not impose upon the creditor the necessity of giving credit for the term of three years beyond that which is stipulated for in the principal contract. The relation of the parties is changed by the levy. The levying creditor can no longer be considered as entitled under his mortgage. He is to be considered as holding by virtue of his levy, and his title must depend upon the regularity of his proceedings. He can claim no priority over other attaching creditors, or intervening incumbrances by reason of his mortgage. And the debtor, if he would not be considered as assenting to the absolute alienation of his property in fee, at the appraised value, must redeem within the year. The plaintiff's counsel argues *that*, to foreclose the mortgage, the mortgagee should have pursued one of the methods pointed out by the statute, and cites *Ireland* v. *Abbott*, 24 Maine, 155, to show that a mortgage can be foreclosed in no other way. The argument would be sound, and the citation apposite, if the creditor now claimed under the mortgage.

What is the result of this view of the law as to the rights of these parties?

The plaintiff, the original debtor, having taken no seasonable steps to redeem his property from the levy which was made upon it, has lost the right of redeeming that portion which was covered by the levy. But the debt originally secured by the mortgage has been paid by the levy. What was the mortgagee bound in right and equity therefore to do? Plainly he should have at once resigned the possession

of the remainder of the mortgaged property, and cleared the mortgager's title to that portion from the cloud thrown upon it by the mortgage, and accounted for the rents and profits received by him in his capacity of mortgagee. He has done neither of these things. He cannot, by his own act, in electing not to rely upon his mortgage for the collection of his demand, avoid doing equity to the mortgager. Section 14, c. 90, R. S., provides that when the amount due on a mortgage has been paid to the mortgagee by the mortgager within the time limited by statute, to wit, before the lapse of three years after the commencement of any legal process for foreclosure, the mortgager may have a bill in equity for the redemption of the mortgaged premises, and compel the mortgagee to release to him all his right and title therein. If the payment be made by the absolute alienation of a portion of the mortgaged premises, a release of the remainder only can be required. In this case, the levy was a statute conveyance from the mortgager to the mortgagee. This respondent, having chosen to compel payment of his debt, cannot be permitted to escape his liability in equity to release his hold of the remaining portion of the mortgaged premises. By section 19, of the same chapter of the R. S., it is further provided that the Court, when a decree is made for the redemption of mortgaged lands, may award execution as the case requires, and for sums found due for rents and profits over and above the sums reasonably expended in repairing and increasing the value of the estate redeemed. The report of a master, appointed by consent of parties, of rents and profits accrued up to October, 1862, was filed in April, 1863, but, as it may fairly be presumed that his inquiry was conducted upon the hypothesis that the plaintiff would be found entitled to redeem the whole of the mortgaged premises, this must be set aside, and, unless the parties can agree what is the proper sum for which execution should issue in the plaintiff's favor, the case should go again to the master with instructions to report the sum he may find to have accrued for rents and profits upon the

whole of the premises up to the time of the levy, and upon that portion not included in the levy, from that time till the release shall be executed by the respondent in conformity with the opinion, and the premises surrendered, and for such sum, with costs for the complainant, execution is to issue.

*Decree for redemption accordingly.*

APPLETON, C. J., CUTTING, DAVIS, KENT, WALTON and DANFORTH, JJ., concurred.