BURRISS & HAYNIE, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. COMMON CARRIERS: Affreightment: Evidence. A contract of affreightment signed by the consignor in duplicate, one copy of which is retained by the carrier is admissible in evidence between the consignee and the carrier since it is equally binding on both.

2. ——: ——: Parties: Action. A contract of affreightment with a common carrier may be enforced by either the consignee or the consignor.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*M. L. Clardy* and *Wm. S. Shirk* for appellant.

(1) We earnestly contend that the court erred in excluding the contract of shipment from the evidence. The defense, that no notice of claim for injury or damage to the cattle had been given to the defendant within one day after the cattle had been delivered to plaintiffs, at destination, nor before said cattle had been mingled with other stock, could not be made or sustained without this contract going into evidence. This defense was and is a good and valid one. Dawson v. Railway, 76 Mo. 514; Crow v. Railway, 57 Mo. App. 135; Brown v. Railway, 18 Mo. App. 577; Ward v. Railway, 158 Mo. 226; Leonard v. Railway, 54 Mo. App. 297. (2) The contract of shipment was signed by the consignors, the Drovers' Live Stock Commission Company, and was stamped in ink at two different places on the contract, as follows: "The Mo. Pac. Ry. Co., Kansas City, Mo., stock yards, Dec. 17, 1901." This was a sufficient signature by the railway company and sufficiently indicated its intention to be bound by the contract. Beach on Md. Law Contracts, sec. 578; Horner v. Railway, 70 Mo. App. 285; Pomeroy on Contracts, sec. 74. (3) Besides it does not lie in the mouth of plaintiffs to object to the contract because not signed by the defendant. The Missouri Pacific Railway Company only could make that objection. The contract was signed by the shipper—the Drovers' Live Stock Commission Company. It was accepted by the defendant, and one of the plaintiffs, Haynie, signed the pass agreement on the back of it and

used it as his transportation, and under it the railway company carried the cattle to destination. Am. Pub. & Eng. Co. v. Walker, 87 Mo. App. 503; Stone v. Pennock, 31 Mo. App. 544; Lindell v. Rokes, 60 Mo. 249. (4) Besides the stamp of the Missouri Pacific Railway Company, affixed or stamped upon the contract before the stock was shipped, was a sufficient signing of it, and a sufficient indication of its intention to be bound by it, and was at least prima facie evidence of an acceptance of the contract by the defendant, without more. Horner v. Railway, 70 Mo. App. 285; Rapalje & Law., Law Dic., title "Signature;" Lyons v. Holmes, 11 S. C. 429; Daniel on Neg. Ins., secs. 74 and 75; Am. Pub. and Eng. Co. v. Walker, 87 Mo. App. 503.

*Harvey & Gower* for respondent.

(1) A contract to be binding must be mutual and capable of being enforced against either one of the parties. Glass v. Rowe, 103 Mo. 513; Smith v. Wilson, 160 Mo. 657; Waterman on Specific Performance, sec. 196. (2) There is no evidence whatever that plaintiff accepted a performance of the provisions of the contract. Plaintiff Haynie testified that he never saw the contract; that he wrote his signature "on the back of the paper;" that it was made out for him as a stock pass. But there is no evidence that he ever used any stock pass. A unilateral contract, to be binding, must be assented to by some positive act of the nonsigning party, and such party must accept a performance of the provisions of the contract. Am. Pub. and Eng. Co. v. Walker, 87 Mo. App. 503. (3) There was no evidence that the stamp of the Missouri Pacific Railway Company was placed on the contract offered in evidence by anyone having any authority to do so, nor is such stamp any evidence of defendant's intention to be bound by the contract, nor does the printing of a signature prove

itself.   It must be shown to have been adopted and used by the party as his signature before it can bind him. Daniel on Neg. Ins. (5 Ed.), sec. 74.   (4)   There is no evidence that the agreement was an executed one.   (5) The written contract offered in evidence by appellant was not admissible under the pleadings.

SMITH, P. J.—The defendant is a public carrier and this action was brought against it for the breach of its common-law duty.   To the general denial of the answer was added allegations in substance that the only cattle which defendant ever undertook to transport in which plaintiffs claim to be interested were three carloads said to contain 104 head which were delivered to it by the Drovers' Live Stock Commission Company and consigned to plaintiffs, but the defendant did not know whether they were the same as those described in the plaintiffs' petition; that the only contract of shipment ever made with regard to said cattle was entered into with the said Drovers' Live Stock Commission Company and not with plaintiffs, and that it was not liable to plaintiffs under said contract.   It was further alleged that the only contract which it ever made with the Drovers' Live Stock Commission Company for the transportation of three carloads of cattle was a written contract in which the defendant is recited to be a party of the first part and the Drovers' Live Stock Commission Company was the party of the second part.   Certain limitations and restrictions contained in the contract are pleaded and by reason of which it was claimed the defendant was not liable.   The replication was a general denial.

There was a trial before a jury during the progress of which the defendant offered in evidence the contract of affreightment pleaded in the answer, and which offer was by the court rejected on the ground that it—the contract—did not appear to have been executed by the

defendant. It does not appear to have been signed by the defendant, though its name appears to have been twice imprinted thereon with a rubber stamp. Under some circumstances this would not perhaps be regarded as a sufficient signing or execution, but whether it was signed by the defendant or not the evidence shows that it was delivered by it to the consignor and signed in duplicate by the latter, one copy of which was retained by defendant and the other was delivered to the plaintiffs and the cattle shipped under it. The plaintiffs, as appears from the signature of one of them on the back of the contract, accepted a pass issued by defendant to them in accordance with the stipulations of said contract, and so it will not do to say that such a contract though not signed by one of the parties is not equally binding on them both. Under these conditions it is as binding as if it had been signed by both. Am. Pub. & Engrav. Co. v. Walker, 87 Mo. App. 503.

Although the answer pleaded that the contract was entered into with the Live Stock Commission Company, the consignor, yet an action could be maintained by the plaintiffs, consignees, for any breach of it. " . . . And it may be stated generally that if goods are delivered to the carrier on behalf of the consignee and at his request or by his direction, either express or implied, and no other fact appears, the legal presumption will be that the property right in the goods immediately upon such delivery became vested in him and that he is the proper party to bring an action against the carrier, either in assumpsit in his own name upon the contract with the consignor as his agent or in a case for breach of duty on the part of the carrier, or in the name of the agent for his use upon the special contract of affreightment.'' Hutchison on Carriers, sec. 734, and cases cited. It is therefore obvious that the contract thus executed is one whose obligations may be enforced by either party to it. No good reason is seen why the restrictive

contract pleaded by defendant should not have been received in evidence. The exclusion of it necessarily precluded the defendant from the further development of the several defenses pleaded by its answer, and in that way it was prejudicial.

The judgment must accordingly be reversed and the cause remanded. All concur.