ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY ET AL. V. ALVERSON, GOBER & SPARKS.

Decided November 14, 1908.

**1.—Railways—Carriage of Live Stock—Evidence—Pleading.**

Under an allegation that cattle transported to market were negligently delayed and thereby lost in weight and suffered in appearance, evidence is admissible that the cattle got down while standing on sidetracks, though such fact was not specifically alleged.

**2.—Carriers of Live Stock—Contract—Ownership.**

Where the contract for the transportation of cattle was not made with plaintiffs and there was no evidence that the cattle were owned by them, a recovery of damages against the carrier in their favor is not supported by the evidence.

**3.—Same—Evidence.**

Where account sales by commission merchants were admitted in evidence

under an agreement that they should be used "as showing the number, weight, sale and market value of cattle," this did not entitle them to be considered as evidence of ownership of the cattle by the parties on whose account the sales appeared thereby to be made.

Appeal from the County Court of Hardeman County.   Tried below before Hon. J. C. Marshall.

*C. H. Yoakum* and *Decker & Clarke,* for appellants.

*M. M. Hawkins,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action for damages growing out of a shipment of cattle over appellants' lines from Quanah, Texas, to Kansas City, Missouri, in which there was a judgment for the plaintiffs in the sum of four hundred and eighty-five dollars, and the defendants have appealed.

We are inclined to hold there was no error in permitting appellees' witnesses to testify that the cattle got down while the cars were standing on the sidetracks, the objection being that there was no allegation of such fact.   The petition did declare that the cattle were negligently delayed, and that, in consequence thereof, they lost in weight and suffered in appearance, and the testimony probably tended to support the latter allegation, but however this may be, the pleadings may be amended on another trial.

Nor do we find error in any of the other rulings on evidence, but we are forced to reverse the judgment upon appellants' seventh assignment of error, which complains that the judgment is contrary to and not supported by the evidence, in that it is not shown that the cattle in controversy were the property of appellees.   We have carefully read the entire statement of facts, and find nothing whatever to indicate that appellees, or either of them, owned any interest whatever in the cattle in controversy, unless, perhaps, the copies of the account sales introduced in evidence tend to do so.   These account sales, issued by the various live stock commission companies, purport to show that the cattle were sold for account of appellees, but they were admitted in evidence upon an agreement between the parties that they should be used "as showing the number, weight, sale and market value" of the cattle, and with this limitation can not be taken as evidence that the cattle were appellees', even if they would otherwise tend to such inference.   This point was made in appellants' motion for a new trial, and the matter can hardly be said to be an oversight, unless, indeed, the oversight was in not critically examining the motion itself.

For this error the judgment of the County Court is reversed and the cause remanded for another trial.

*Reversed and remanded.*