MEXICAN CENTRAL RAILWAY COMPANY, LIMITED, v. OTTO LOCKE ET AL.

Decided March 2, 1910.

1.—Carriers—Consignor and Consignee.

In a suit for damages to goods shipped by rail, evidence that plaintiff shipped them to a third party, without other proof as to ownership, did not entitle him to maintain the action. The testimony constituted prima facie evidence of title in the consignee.

**2.—Connecting Lines.**

To recover damages against the terminal carrier the proof must show that the goods came into his possession.

Error from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*Waters Davis* and *J. M. Goggin*, for plaintiff in error.—That ownership of property must be proved, see: St. Louis, S. F. & T. Ry. Co. v. Alverson, 52 Texas Civ. App., 321. That prima facie the title vests in the consignee, who alone has right of action: Haynie v. Missouri Pac. Ry. Co., 78 S. W., 1042; Sonia Cotton O. Co. v. The Red River, 30 So., 303, 6 Cyc., 511, and authorities there cited; Hutchinson on Carriers, sec. 177 (old ed., sec. 130). That consignor can not sue without showing facts to establish an exception to the general rule, see: Pennsylvania Co. v. Poor, 103 Ind., 553; Dressner v. Manhattan Co., 92 N. Y. Supp., 800.

Plaintiff could not recover against the Mexican Central Railway Company, Limited, without showing that the goods came into its possession. Hutchinson on Carriers, sec. 1346.

*H. G. Henne* and *J. R. Fuchs*, for defendant in error, Locke.— When it is plead and proved that the plaintiff was the owner of goods at the date of shipment, and it is not shown that the railroad company undertook to deliver the goods under a written contract to the consignee, the prima facie presumption arises that he continued to be the owner until the contrary is conclusively shown. East Line & R. R. Ry. Co. v. Hall, 64 Texas, 615; Hutchinson on Carriers, secs. 734 and 736; Finn v. Western R. Cor., 112 Mass., 528.

Plaintiff could recover against the Mexican Central Railway Company, Limited, by showing that the goods were at any time within its possession, or by showing that the Mexican Central Railway Company delivered the same, without showing when or how the goods came into the possession of the said defendant. Hutchinson on Carriers, sec. 761, p. 589.

Even though in an international shipment the initial carrier is liable for the injury occasioned to goods while in the possession of the connecting carrier, that does not affect the common-law liability of the last carrier, nor does it affect the presumption of law that, in the absence of proof, the goods sustained the injury while in the possession of the last carrier. Gulf, C. & S. F. Ry. Co. v. Edloff, 89 Texas, 458; Texas & P. Ry. Co. v. Barnhart, 5 Texas Civ. App., 601; Texas & P. Ry. Co. v. Adams, 78 Texas, 372; International & G. N. R. Co. v. Wolf, 3 Texas Civ. App., 383; Houston & T. C. Ry. Co. v. Ney, 58 S. W., 43; St. Louis & S. W. Ry. Co. v. Cohen, 55 S. W., 1123; Gulf, C. & S. F. Ry. Co. v. Malone, 25 S. W., 1077; Hutchinson on Carriers, sec. 761; 6 Am. & Eng. Ency. Law, 651; Gulf, C. & S. F. Ry. Co. v. Jones, 37 S. W., 208.

*S. R. Fisher* and *S. W. Fisher* (*King & Morris* and *Baker, Botts,*

*Parker & Garwood,* of counsel), for G., H. & S. A. Ry. Co. and I. & G. N. R. Co.

KEY, CHIEF JUSTICE.—Otto Locke brought this suit against the G., H. & S. A. Railway Company, the I. & G. N. R. Co., and T. J. Freeman, receiver of that company, and the Mexican Central Railway Company, Limited, to recover damages for alleged injuries sustained by a shipment of goods, consisting in two boxes of nursery stock and two bales of moss, alleged to have been shipped from New Braunfels, Texas, to Ortiz, Mexico.

Upon a plea interposed by him, Freeman, the receiver, was dismissed from the suit, and the trial between the plaintiff and the other defendants was had before the court without a jury. All the other defendants filed answers, that of the Mexican Central Railway Company consisting of a general demurrer and general denial. The trial court rendered judgment in favor of the other two defendants, and in favor of the plaintiff against the Mexican Central Railway Company, and that defendant has brought the case to this court upon a writ of error.

We sustain the first assignment of error which challenges the judgment on account of the insufficiency of the testimony. As charged in that assignment, the statement of facts is entirely without evidence showing that the property shipped belonged to the plaintiff. The plaintiff testified that he made the shipment of nursery stock, and that it was consigned to Pablo Hoffman at Ortiz, Mexico. He nowhere testified that the property belonged to him, or that he had any interest in it after it was delivered to the I. & G. N. R. Co. at New Braunfels, Texas. The testimony referred to constituted prima facie evidence of title in Pablo Hoffman, consignee. (Texas Cent. Ry. Co. v. Dorsey, 30 Texas Civ. App., 377, 70 S. W., 577; Haynie v. Missouri Pac. Ry. Co., 78 S. W., 1042; St. Louis, S. F. & T. Ry. Co. v. Alverson, 52 Texas Civ. App., 321, 114 S. W., 673, 6 Cyc., 511, and authorities there cited.)

It is also contended that the proof failed to show that the property referred to ever reached the line of the Mexican Central Railway and went into its possession. There is some testimony upon that subject, but it is very meager and unsatisfactory.

All the other assignments are overruled.

As between the plaintiff and the defendants T. J. Freeman, Receiver, the I. & G. N. R. Co. and the G., H. & S. A. Ry. Co., the judgment is affirmed, while as between the plaintiff and the Mexican Central Railway Company the judgment is reversed and the cause remanded for another trial.

*Affirmed in part and in part reversed and remanded.*