## CAMPBELL ET AL. *v.* TOMLINSON ET AL.

### [No. 21,974. Filed June 5, 1912.]

1. PRINCIPAL AND SURETY.—*Action For Money Paid by Surety.— Nature and Form of Action.—*A surety's action against his principal to recover money paid on a note is not on the note or judgment, but is an action for money paid. p. 65.
2. APPEAL.—*Sufficiency of Complaint.—Question Not Presented.—* Where there was neither a demurrer in the lower court nor an assignment of errors on appeal, attacking the sufficiency of a complaint, the question is not presented. p. 65.
3. APPEAL.—*Sufficiency of Evidence.—Briefs.—Failure to Set Out Evidence.—*No question is presented by an assignment of errors in overruling appellant's motion for a new trial on the ground that the decision is not sustained by sufficient evidence, where there is a complete failure to comply with Rule 22 of the Supreme Court requiring a condensed recital of the evidence to be set out in the briefs. p. 65.
4. FRAUDULENT CONVEYANCES.—*Action to Set Aside.—Joinder of Parties.—*Several creditors may join in the same suit to set aside an alleged fraudulent conveyance. p. 66.
5. APPEAL.—*Motion for New Trial.—Motion by Wife.—Joint Assignment of Errors.—Sufficiency.—*When the question is properly presented, even by joint assignment of errors with the husband, a wife's motion for a new trial will be held sufficient, although the motion was properly denied as to the husband. p. 66.

From Clinton Circuit Court; *James V. Kent,* Special Judge.

Action by William L. Tomlinson and others against Cleland C. Campbell and another. From a judgment for plain-

tiffs, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Eli F. Ritter* and *F. C. Reagan,* for appellants.

*S. B. Higgins, E. O. Rogers* and *Roy W. Adney,* for appellees.

MYERS, J.—Action by Tomlinson and others, creditors of appellant Cleland C. Campbell and his wife Margaret, to set aside as fraudulent a conveyance of real estate from the former to the latter, and subject it to the payment of indebtedness of the husband. The complaint alleges the facts of Tomlinson's holding a note for $25 against the husband, dated November 27, 1905, the execution by the husband on February 22, 1905, with appellee Rader as surety, to one Hull of a note for $100, due in ninety days, and the execution by the husband in July, 1906, of a note to a bank for $100, due in six months, with appellees Crigler and Crigler as sureties. Copies of the notes are alleged to be filed as exhibits.

On December 14, 1907, Hull and the bank filed complaints on their respective notes against Campbell and wife, and on January 25, 1908, recovered judgment against the husband alone for $120.50 and $118, respectively, and at the time the judgments were recovered Campbell was insolvent; that Rader and the Criglers then paid off the judgments, as sureties on the notes, and Campbell had not paid any part of the judgments; that there is now due and owing Tomlinson on his note a stated sum; that there is due and owing Rader, by the principal, on the amount so paid, a stated sum, and due the Criglers, on the amount paid, a stated sum. Prayer for judgment and to set aside the conveyance.

On December 31, 1906, Campbell was the owner of certain real estate described, and on said day he and his wife conspired together for the purpose and with the intent to

cheat, hinder and delay the creditors of the husband, and avoid the payment of said notes, and on said day for said purpose, and without consideration, the husband conveyed said real estate to the wife, at and after which and up to the time of filing this suit he did not have sufficient property to pay his indebtedness. There was no demurrer to the complaint. The answer of the defendant wife was a general denial. There was no answer by the husband. There was a trial, a general finding in favor of plaintiffs, personal judgments against the husband, and a setting aside of the deed. The error here assigned is a joint assignment as to overruling appellants' motion for a new trial, the causes for which are that the decision is not sustained by sufficient evidence, is contrary to law, and error in admitting the transcripts of the judgments rendered in the Boone Circuit Court.

The whole theory of the complaint was erroneous, if it be treated as an action by sureties for money paid by them. In such case the action is not on the note or judgment,

1. but for money paid. *Gieseke* v. *Johnson* (1888), 115 Ind. 308, 17 N. E. 573; *Ritenour* v. *Mathews* (1873), 42 Ind. 7; *Crowder* v. *Reed* (1881), 80 Ind. 1. But with the facts stated as they are in this complaint, showing the action really as for money paid by the sureties, there is enough alleged, after judgment, to bar another action, and as

2. there was no demurrer below, and no assignment of errors here as to the sufficiency of the complaint, there is no question presented as to the complaint.

There is a complete failure to comply with Rule 22 of this court. There is not a word of the evidence set out, nor is there a single point stated, nor authority

3. cited. Immediately following the statement of the errors relied on, follows what is denominated "Argument".

If a judgment was rendered in the cause beyond the amounts necessary to be paid to pay the notes, the finding

was larger than the parties were entitled to, but the question is not presented in any way.

Several creditors may join in the same suit to set aside an alleged fraudulent conveyance. *Dugan* v. *Vattier* (1833), 3 Blackf. 245, 25 Am. Dec. 105; *Ruffing* v. *Tilton* (1859), 12 Ind. 259; *Strong* v. *Taylor School Tp.* (1881), 79 Ind. 208; *Armstrong* v. *Dunn* (1896), 143 Ind. 433, 41 N. E. 540.

As there is no question but that Tomlinson was entitled to a judgment on his note, and the other parties to some judgment against appellant Cleland C. Campbell, his motion for a new trial was not well assigned, and while by reason of the legal fiction of the unity of husband and wife her motion for a new trial, though presented by a joint assignment of errors, has been held sufficient (*Clements* v. *Davis* [1900], 155 Ind. 624, 57 N. E. 905, and cases cited), yet no question thereon is presented, and the judgment must be affirmed, and it is so ordered.

NOTE.—Reported in 98 N. E. 720. See, also, under (1) 32 Cyc. 261; 134 Am. St. 557; (2) 2 Cyc. 689; (3) 2 Cyc. 1013; (4) 20 Cyc. 711; (5) 2 Cyc. 1003.