## NEIBERT ET AL. *v.* LONG ET AL.

[No. 22,906.   Filed February 24, 1916.]

1. DRAINS.—*Appeal Bond.*—*Filing.*—*Statutes.*—The filing, in vacation and within thirty days from the date of dismissal by the circuit court, of an appeal from the order of a board of county commissioners establishing a drain, of a bond with the clerk of the circuit court for appeal to the Supreme Court, and its approval at the time by the clerk, was in compliance with §6143 Burns 1914, Acts 1907 p. 508, providing for appeals in drainage poceedings. p. 496.

2. DRAINS.—*Proceedings to Establish.* — *Dismissal.* — *Appeal.* — A judgment of the circuit court dismissing a joint appeal from the board of county commissioners in a drainage proceeding on the

ground that the parties could only appeal separately, was a judgment from which an appeal would lie. (*Crow* v. *Evans*, [1912], 178 Ind. 661, distinguished.) p. 496.

3. DRAINS.—*Proceedings to Establish.—Appeal Bond.—Dismissal of Appeal.*—On appealing from an order of the board of county commissioners in a drainage proceeding, it is immaterial whether the parties appealing file separate bonds or all join in the same bond, so far as the right to maintain the appeal is concerned, since if the bond is insufficient it is the duty of the court to order a new one, and until there is a failure to comply with such order, the appeal should not be dismissed. p. 497.

4. DRAINS.—*Proceedings to Establish.—Appeal.*—On appeal from the board of commissioners in a drainage proceeding the same strict rule of procedure is not required as in the case of appeals from the circuit court, since the circuit court is required to try all issues presented by the remonstrance as if the same had originated in such court, while the court on appeal from the circuit court can review questions of law only. p. 497.

5. DRAINS.—*Statutes.—Construction.*—Under §6148 Burns 1914, Acts 1907 p. 508, it is the duty of the court to liberally construe the drainage statutes that the ends for which they were enacted may be accomplished. p. 497.

6. DRAINS.—*Appeal Bond.—Procedure.*—To perfect an appeal from the board of county commissioners in a drainage proceeding it is sufficient if one party to the proceeding files an appeal bond to the approval of the auditor, and the appeal by one party takes the entire cause to the circuit court where the same must be tried *de novo* as to the whole case. p. 498.

7. APPEAL.—*Assignment of Errors.*—An assignment stating that appellants "each for himself respectively, separately and severally say there is error in the record, proceedings and judgment," etc., is a separate assignment of error as to each of the parties named therein. p. 498.

From Kosciusko Circuit Court; *Francis E. Bowser*, Judge.

Proceedings, on petition of Cyrus Long and others for the establishment of a drain. From a judgment of the circuit court dismissing the appeal of Augustus A. Neibert and others from the board of county commissioners, this appeal is prosecuted. *Reversed.*

*Jesse Eschbach* and *Lemuel W. Royse*, for appellants.

*L. R. Stookey* and *Walter Brubaker*, for appellees.

ERWIN, J.—This is an appeal from a judgment dismissing an appeal taken by appellants from an order of the board of commissioners establishing a drain. Appellees have moved to dismiss this appeal for the reason that the same has not been perfected within the time allowed by law, and that no appeal lies from an order of the court dismissing such appeal. It appears from the record that 1. this matter was dismissed by the court below, on June 9, 1915. On July 8, 1915, being within thirty days from the date of such dismissal, appellants filed their bond with the clerk of the circuit court for appeal to this court, which bond was filed during vacation, and was on that day approved by the clerk. This complies with the statute for taking an appeal in a ditch proceeding. §6143 Burns 1914, Acts 1907 p. 508.

Appellees insist that there is no appeal from the order dismissing an appeal from the board of commissioners to the circuit court and cite *Crow* 2. v. *Evans* (1912), 178 Ind. 661, 100 N. E. 8. The case cited held that in a ditch proceeding filed originally in the circuit court where a two-thirds remonstrance had been tried, and a finding had that it was insufficient, and an order was entered dismissing the remonstrance, no appeal would lie from that order, for the reason that there was no final disposition of the cause, and that the court still had jurisdiction to proceed with the cause and determine other matters. The case at bar presents an entirely different condition. The drain was established by order of the board of commissioners, and an appeal taken to the circuit court by the remonstrators, where the same was dismissed on motion of appellees, which motion is as follows: "Comes now the petitioners in the above entitled cause and move the court to dismiss the appeal

herein for the following reasons: "This appeal purports to be the joint appeal of Augustus A. Neibert, John Huffman and Elkanah H. Blaine. Only one appeal bond was filed which is joint. As shown by the report each of said parties is the owner of a separate and distinct tract of land, separately assessed to him and said lands in said report, and each of said parties filed a separate remonstrance against their separate assessments respectively. The rights of each of said parties were thus separately determined by the board of commissioners and each was subjected to the judgment of a separate assessment for the construction of the ditch. If an appeal is taken from said judgment it must be by each of said parties separately, and no joint appeal will lie." The appeal bond filed with the auditor by appellants at least indicates that they wished to appeal to the circuit court and it is immaterial whether each of the remonstrators file a separate bond, or all join in the same bond. If this bond was insufficient in substance or form, or lacked sufficient surety it was the duty of the court to order a new bond or bonds, and on failure to file same, then and not until then should the appeal have been dismissed. §1354 Burns 1914, §1283 R. S. 1881. In appeals from the board of commissioners, the same strict rule of procedure is not required as is provided in appeals to this court from the circuit court, for the reason that the circuit court is required to try all issues presented by the remonstrance as if the same had originated in such court, while this court has power only to review questions of law. It is the duty of the court to give all drainage statutes a liberal construction that the ends for which they were enacted may be accomplished.

§6148 Burns 1914, Acts 1907 p. 508. In taking an appeal from the board of commissioners it is only necessary, where a person was party to the proceedings before the board, to file a bond to the approval of the auditor, and stating therein that the parties desire to appeal. This was the substance of the bond filed in this case with the auditor. While the assessment as approved by the board of commissioners was several as to each of the parties appealing, yet the law does not require a separate bond as to each. The bond filed with the auditor states that appellants Neibert, Huffman and Elkanah H. Blaine, *et al.* have appealed from the judgment against them, to the circuit court, and in respect to the parties named, the bond was sufficient, and the appeal by one party takes the entire cause to the circuit court where the same must be tried *de novo* as to the whole case, and the court erred in dismissing their appeal.

It is insisted by appellees that this appeal should be dismissed for the reason that there is a joint assignment of errors in this court, and, therefore, unless the error is available to all, the same should be dismissed or affirmed. The assignment of error is as follows, "The above named appellants (naming them) each for himself respectively, separately and severally say there is error in the record proceedings and judgment in this cause, in this, to wit: The court erred in sustaining appellee's motion to dismiss the appeal." This was a separate assignment of error as to each of the parties named therein. Judgment reversed with instructions to the court below to overrule the motion to dismiss the appeal from the board of commissioners and for further proceeding in conformity with this opinion.

Note.—Reported in 111 N. E. 612. As to the requirements of a

new or additional appeal or supersedeas bond in appellate court, see 10 Ann. Cas. 804; 17 Ann. Cas. 398. See, also, under (1) 14 Cyc 1046; (2) 14 Cyc 1044; (4) 14 Cyc 1047; (7) 3 C. J. 1352; 2 Cyc 1003.