WILMER L. AMES *vs.* JOHN T. YOUNG.

Knox.    Opinion March 12, 1923.

*In an action of forcible entry and detainer where the only issue is that of title and the plaintiff relies upon a purchase of the property at a sheriff's sale, upon him rests the burden of showing that all of the proceedings leading up to and including the sale were conducted in accordance with the provisions and requirements of the statute.*

In this case it was incumbent upon the plaintiff to prove the various steps leading up to and including the sheriff's sale, as the burden was upon him to prove title. Upon this point the plaintiff has obviously failed. The execution and the return thereon was not produced to show whether the sale was regular or not and the recitals in the sheriff's deed were not sufficient to supply the possible omission. Consequently, there is a missing link in the plaintiff's chain of title.

On report. This is an action of forcible entry and detainer brought by plaintiff against defendant involving the title to certain real estate situated on Matinicus Isle, plaintiff relying upon a sheriff's sale to establish his title to the property. Defendant pleaded the general issue and a brief statement claiming title. In March, 1905, Hattie E.

Young, for a consideration of $50.00, executed and delivered a mortgage of the property to Marian A. Young. In March, 1913, Marian A. Young brought suit against the mortgagor, attached the real estate described in the mortgage, recovered judgment, took out execution, placed the execution in the hands of the sheriff, who made a levy and sale of the property of which the plaintiff was a purchaser for the sum of $195.00. The execution was returned into court fully satisfied. After the evidence was taken out by agreement of the parties the case was reported to the Law Court. Plaintiff nonsuit.

The case is fully stated in the opinion.

*Edward K. Gould,* for plaintiff.

*Adelbert L. Miles,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. This case originated upon an action of forcible entry and detainer brought by the plaintiff against the defendant in the Police Court for the city of Rockland. The defendant pleaded the general issue and in a brief statement claimed title in himself. After the evidence was taken out, in the Supreme Court, the case was reported to the Law Court. The only issue is that of title. The plaintiff undertakes to establish his title through a purchase of the property described, at a sheriff's sale. In March, 1905, Hattie E. Young, for a consideration of $50.00, executed and delivered a mortgage to Marian A. Young of land situated on Matinicus Isle. In March, 1913, Marian A. Young brought suit against the mortgagor, attached the real estate covered by the mortgage, recovered judgment, took out execution, placed the execution in the hands of the sheriff, who made a levy and sale of the property of which the plaintiff was purchaser for the sum of $195.00. The execution was returned into court as fully satisfied. Upon this feature of the case the first inquiry is, . . . Were all the proceedings leading up to and including the sale conducted in accordance with the provisions and requirements of the statute? It was encumbent upon the plaintiff to prove the various steps leading up to and including the sale, as the burden was upon him to prove title. Upon this point the plaintiff has obviously failed. The execution and the return thereon was not produced to show whether the sale was regular or not and the recitals in the

sheriff's deed were not sufficient to supply the possible omission. Consequently, there is a missing link in the plaintiff's chain of title.

In May, 1921, eight years after Marian A. Young, the mortgagee, had attached and conveyed, by sheriff's sale, the mortgaged property, as above set forth, she made an assignment of the mortgage on the premises sold as aforesaid to Wilmer L. Ames, the plaintiff in the present case and purchaser under the sheriff's sale. As assignee of this mortgage, the plaintiff began proceedings of foreclosure and the equity of redemption was permitted to expire. But the plaintiff does not claim title under the assignment and foreclosure. His contention is that the assignment was evidence of the redemption of the mortgage and that the foreclosure was merely a matter of extra precaution.

Whatever might be the effect of the assignment and foreclosure of the mortgage, the defendant claims that, at the time of the assignment, the mortgagee, Marian A. Young, had no interest in the mortgage which she could assign, inasmuch as her action upon the note, attachment and sale of the property, constituted a waiver of all her rights in the mortgage and that the sale of the property was a payment in full of the mortgage debt.

We are of the opinion that the defendant's contention must prevail.

*Crooker* v. *Frazier*, 52 Maine, 405, was a case in which the mortgagee brought suit upon his note secured by the mortgage and proceeded to a levy and sale of the premises, the same thing that was done in the case at bar. It was held in this case that the proceeding was a proper one for the creditor to pursue, giving the following reasons: "The debt is the principal thing. The mortgage is designed to secure the ultimate payment of it to the creditor. But if he pleases to waive that security and proceed to collect his debt in the ordinary process of law, it is not for the debtor to complain. He is subjected to no illegal burden. The accepting of a mortgage does not impose upon the creditor the necessity of giving the credit for the term of three years beyond that which is stipulated for in the principal contract. The relation of the parties is changed by the levy. The levying creditor can no longer be considered as entitled under his mortgage. He is to be considered as holding by virtue of his levy, and his title must depend upon the regularity of his proceedings. He can claim no priority over other attaching creditors, or intervening encumbrances, by reason of his mortgage." The foregoing quotation

seems to conclusively establish the principle that when a mortgagee brings suit upon his note, attaches the property and sells it upon a levy, he has then waived all the rights which he might otherwise have had by virtue of the mortgage. In other words, he waives the evidence of the security and takes the security itself. It is further held in the same case, that "If the debtor has taken no feasible steps to redeem his property from the levy which was made upon it, he has lost the right to redeem that portion which was covered by the levy. But the debt originally secured by the mortgage has been paid by the levy." This case is referred to in *Forsyth* v. *Rowell*, 59 Maine, 131, and approved in the following language: "He cannot waive his security by the mortgage and at the same time treat it as still subsisting and constituting the foundation of an equity which may be the subject of a sale."

*Plaintiff nonsuit.*