## KOZANJIEFF ET AL. *v.* PETROFF.

[No. 27,133. Filed March 6, 1939.]

*Stiles & Reynolds* and *Conroy & Glendening,* for appellant.

*J. Edwin Smith,* for appellee.

SWAIM, J.—The appellee, Nedan Petroff, brought an action against the appellants, Troschko Kozanjieff and Mary Kozanjieff, husband and wife, to quiet title to certain real estate located in the city of Gary, in Lake County, Indiana. The appellants filed a cross-complaint in three paragraphs, the first paragraph seeking to quiet title to said real estate in Troschko Kozanjieff, the second seeking to quiet title to an undivided one-third of said real estate in Mary Kozanjieff, and the third, designated as the separate cross-complaint of Troschko Kozanjieff, asking to have the sheriff's deed, on which appellee based his claim of title, declared null and void. The issues were formed on this complaint and paragraphs of cross-complaint and the answers thereto, and upon the trial of the cause by the court, special findings were made, conclusions of law stated thereon and judgment entered in accordance therewith.

The appellant Troschko Kozanjieff, separately, assigned error on the action of the court in sustaining appellee's demurrer to the third paragraph of cross-complaint. The appellant, Mary Kozanjieff, separately assigned error on the action of the court in overruling the separate demurrer to the second paragraph of reply to the second paragraph of cross-complaint. A third paragraph of appellants' assignment of errors was as follows:

"Now comes said appellants and for third paragraph of the assignment of errors, jointly, separately, and severally say that there is manifest error in the proceedings and judgment in said cause in this, to-wit:

"1. The court erred in overruling the demurrer of said appellant, Mary Kozanjieff, to the second paragraph of reply to the second paragraph of cross-complaint, to which ruling said cross-complainants separately and severally excepted.

"2. The court erred in the conclusions of law and each of them, stated upon the special finding of facts, to which said appellants separately and jointly excepted, to each conclusion of law.

"3. The court erred in overruling appellant's joint, separate and several motion for a new trial, to which ruling appellants jointly, separately and severally excepted.

"WHEREFORE, appellants jointly, separately and severally pray that the judgment in said cause be in all things reversed."

The following material facts of the case were stated in the special findings: On June 1, 1931, the appellant, Troschko Kozanjieff, then an unmarried man, was the owner of the fee simple title to certain real estate in Lake County, Indiana, which real estate was encumbered by a first mortgage. Said appellant, desiring to pay the debt secured by said mortgage, agreed with the appellee that, if the appellee would furnish sufficient funds to pay said debt and secure the release of said mortgage, the appellant, to secure appellee, would execute and deliver to appellee a new mortgage which would constitute a first lien on said real estate. Pursuant to this agreement the appellee, on June 19, 1931, furnished to appellant the sum of $4,000.00, which amount was paid on said mortgage debt. Thereafter, on July 28, 1931, said appellant married the appellant, Mary Kozanjieff. On September 30, 1931, the appellee on the demand of the holder of said mortgage, and to secure the release thereof, paid said mortgagee the addi-

tional sum of $506.79 and thereupon said mortgage was satisfied and released. Thereafter the appellant, Troschko Kozanjieff, refused to execute a mortgage to secure the repayment of the loan so made by the appellee. On March 6, 1932, the appellee, seeking to recover the amount so loaned to said appellant, filed a complaint in two paragraphs in the Lake Circuit Court against both appellants. Later the appellee dismissed said action as to the appellant, Mary Kozanjieff, dismissed one paragraph of the complaint and then on the remaining paragraph procured a judgment for $3,959.20 against appellant, Troschko Kozanjieff, for money had and received. Thereafter on September 14, 1933, the appellant Troschko Kozanjieff brought an action against the appellee to have said judgment set aside. This case was determined against said appellant.

Thereafter the appellee caused an execution to be issued on the said judgment he had procured against said appellant, Troschko Kozanjieff, and the sheriff failing to find any personal property belonging to said appellant, levied on said above described real estate. Pursuant to said levy and execution said real estate, on July 5, 1934, was sold by said sheriff for $4,000.00 to said appellee and a sheriff's certificate of sale was thereupon issued to said appellee. From the proceeds of the said sale the appellee received, and receipted therefor on his said judgment, the sum of $3,839.71. On July 6, 1935, the appellee procured a sheriff's deed conveying said above described real estate to him "to have and to hold . . . in as full and ample a manner as the same was held by Troschko Kozanjieff immediately before the levying of the aforesaid execution." Since procuring the said sheriff's deed, the appellee has received rent on said real estate at the rate of $32.50 per month, has made improvements and repairs thereon in the sum of $358.70 and has made no accounting to the ap-

pellant, Mary Kozanjieff, for any part of said rentals.

Appellants' assignment of error, relating to the overruling of the motion for new trial, has been waived by their failure to present any points or authorities concerning this alleged error in their brief.

Rules of the Supreme and Appellate Courts, Rule 18, point sixth.

The alleged errors based on the sustaining of the appellee's demurrer to the third paragraph of the separate cross-complaint of Troschko Kozanjieff and the overruling of the demurrer of appellant, Mary Kozanjieff, to the second paragraph of reply to the second paragraph of cross-complaint, present the same questions as are presented on the conclusions of law. It is, therefore, not necessary to consider these assigned errors separately. *Goodwine* v. *Cadwallader* (1901), 158 Ind. 202, 205, 61 N. E. 939.

The appellee insists that the appellants' assignment of error is joint and that since the alleged errors only affect the appellants separately, no question is presented by such joint assignment. It is our opinion that the assignments may fairly be construed as being both joint and several. *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1906), 168 Ind. 360, 81 N. E. 65; *Neibert* v. *Long* (1915), 184 Ind. 494, 111 N. E. 612. In Indiana a joint assignment of error by husband and wife is good if the error assigned is available to the wife. Eubank's Manual of Practice (2d ed.) §138, p. 293; *Campbell* v. *Tomlinson* (1912), 178 Ind. 63, 66, 98 N. E. 720.

The court, by its first conclusion of law, concluded that the law was with the appellee on his complaint and against the appellant, Troschko Kozanjieff, and that said appellee is entitled to have his title quieted and set at rest as against the said appellant. A plaintiff in a quiet title suit must recover on

the strength of his own title. *Ragsdale* v. *Mitchell* (1884), 97 Ind. 458; *Tolleston Club, etc.* v. *Carson* (1919), 188 Ind. 642, 651, 123 N. E. 169; *Ault* v. *Miller* (1932), 203 Ind. 487, 493, 181 N. E. 35. In the case of *Tolleston Club, etc.* v. *Carson, supra,* this court said: "In suits to quiet title the plaintiff must recover, if at all, on the strength of his own title. The evidence must show title in the plaintiff; it is not sufficient that it shows that the adverse claimant is without title." In the case of *Danforth* v. *Meeks* (1911), 176 Ind. 400, 96 N. E. 153, it was held that a plaintiff alleging a legal ownership to lands in a suit to quiet title could not recover if upon the trial the facts established disclosed that he was only the equitable owner of the lands.

In the instant case plaintiff, in his complaint, alleges that he is the owner, in fee simple, of the real estate in question; that the defendants claim an interest therein adverse to the plaintiff's right, which claim is without right and unfounded and is a cloud upon plaintiff's title, and prays that the defendants' claim be declared null and void and that the plaintiff's title to said real estate be quieted. Since this complaint sets up a full legal ownership in the appellee the appellee could only recover on a showing of such ownership. The facts specially found by the court, however, show that appellee bases his claim to legal ownership solely on the sheriff's deed issued to him at a judicial sale on an execution of a judgment against appellant, Troschko Kozanjieff, in a case to which the appellant, Mary Kozanjieff, was not a party. At the time this last mentioned judgment was taken, execution issued thereon and the land in question sold thereunder, the appellant, Mary Kozanjieff, was the wife of the appellant, Troschko Kozanjieff.

Section 6-2337 Burns 1933, being §3347 Baldwin's 1934, provides that:

"In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

Pursuant to the provisions of this statute the appellant Mary Kozanjieff became vested with an undivided one-third interest in said real estate when the appellee procured the sheriff's deed conveying to him·the interest of the appellant, Troschko Kozanjieff. *Lawler* v. *Bear* (1918), 188 Ind. 308, 312, 122 N. E. 666.

The trial court in its second conclusion of law recognizes that the appellant, Mary Kozanjieff, has an interest in said property and that appellee is not entitled to a judgment quieting title to said property as against her. Under the facts as found by the court this is a correct conclusion and it necessarily follows that since the appellant, Mary Kozanjieff, owned such an interest in said real estate as to bar appellee's suit to quiet title against her, the appellee can not recover· a judgment quieting his title as against the appellant, Troschko Kozanjieff.

In its second conclusion of law the court found against the appellant, Mary Kozanjieff, on her separate cross-

complaint in which she sought to quiet title to her undivided one-third interest in said real estate; and further found that appellee was equitably subrogated to the rights of the mortgage holder, the Federal Savings and Loan Association; and that said rights constituted an equitable lien on said property prior to any claim that might be asserted by said Mary Kozanjieff.

The payment by the appellee, at the request of appellant, Troschko Kozanjieff, of the existing mortgage on the land in question, under the circumstances of this case, entitled the appellee, in equity, to be subrogated to the rights of the mortgage holder. A proper action by the appellee to establish and enforce such an equitable lien might have resulted in the appellee securing said property free and clear of the claims of the appellants or of either of them. The appellee, however, elected to procure a judgment on said debt against the appellant, Troschko Kozanjieff, alone, and then elected to issue execution on such judgment and have the property in question levied on and sold to satisfy the judgment. At the sheriff's sale the appellee purchased said property for the sum of $4,000.00 and credited on his judgment the net proceeds of such sale, to-wit: $3,938.71, which amount lacked only about $20.00 of being the full principal amount of his judgment. By this course of procedure the appellee abandoned and waived his right to equitable subrogation to the rights of the original mortgage holder, and he could not thereafter revive such lien.

In the case of *Mattix* v. *Weand* (1862), 19 Ind. 151, A, the owner of real estate, sold it to B, and took a mortgage for the unpaid purchase money. The court held that by so doing A abandoned his vendor's equitable lien and the court therein said (p. 152), "An equit-

able lien for purchase money, once abandoned, fairly and voluntarily, is abandoned forever."

Section 3-1820 Burns 1933, being §1019 Baldwin's 1934, provides as follows: "Whenever an execution shall issue upon a judgment recovered for a debt secured by mortgage of real property, the plaintiff shall endorse thereon a brief description of the mortgaged premises; and the equity of redemption shall in no case be sold on such execution." Under the statute if the appellee had held a mortgage on said real estate he could not, legally, have sold the equity of redemption on an execution issued on a judgment on the mortgage debt. Prior to the enactment of this statute, however, our courts held that a mortgagee causing the mortgaged property to be sold at a sheriff's sale to satisfy a judgment procured on the mortgage debt, thereby waived any claim to the real estate he might have had under the mortgage. *Youse* v. *McCreary* (1829), 2 Blackford 243; *Markle* v. *Rapp* (1829), 2 Blackford 268.

The general rule on this proposition is stated in 19 R. C. L. §220, p. 436: "While a somewhat different view has been adopted by some courts, the general rule is that a mortgage is extinguished by a sale under execution of the mortgaged premises for the mortgage debt, though the execution issues on a judgment subsequent in date to the mortgage." To the same effect. see 41 C. J. §439, p. 503, and cases there cited.

In the case of *Crooker* v. *Frazier* (1864), 52 Me. 405, a mortgagee brought suit upon his note secured by the mortgage and proceeded to levy on and sell the premises. The court in that case said (p. 407):

"The debt is the principal thing. The mortgage is designed to secure the ultimate payment of it to the creditor. But if he pleases to waive that security and proceed to collect his debt in the ordinary process of law, it is not for the debtor to com-

plain. . . . The relation of the parties is changed by the levy. The levying creditor can no longer be considered as entitled under his mortgage. He is to be considered as holding by virtue of his levy, and his title must depend upon the regularity of his proceedings. He can claim no priority over other attaching creditors, or intervening encumbrances, by reason of his mortgage."

The court in the case of *Ames* v. *Young* (1923), 122 Me. 331, 333, 334, 119 Atl. 863, after quoting the foregoing passage from the case of *Crooker* v. *Frazier,* *supra,* said: "The foregoing quotation seems to conclusively establish the principle that when a mortgagee brings suit upon his note, attaches the property, and sells it upon a levy, he has then waived all the rights which he might otherwise have had by virtue of the mortgage. In other words, he waives the evidence of the security and takes the security itself." See also *Wyoming Building & Loan Association* v. *Mills Construction Company* (1928), 39 Wyo. 24, 269 Pac. 45; *Hanna* v. *Reeves* (1900), 22 Wash. 6, 60 Pac. 62.

In the instant case when the appellee caused the property in question to be sold to satisfy the lien of his judgment, such action was entirely inconsistent with his claiming a conflicting equitable lien arising on his equitable subrogation to the rights of the mortgage holder. If such action waives a mortgagee's rights under his mortgage, certainly it would amount here to a waiver and abandonment by the appellee of his equitable right to be subrogated to the rights of the mortgagee.

The trial court concluded in conclusion of law numbered 3 that the appellant, Mary Kozanjieff, must fail on her cross-complaint in which she sought to quiet title to her undivided one-third interest in said real estate, because such interest was subject to the rights of the appellee as set forth in its con-

clusion numbered 2. Since the appellee by his course of action, as above set out, abandoned and waived his claim to equitable subrogation to the rights of the mortgage holder, the appellant, Mary Kozanjieff, was entitled to have her title quieted to the undivided one-third of said real estate which became vested in her when the appellee received the sheriff's deed for said property and was entitled to an accounting of the rents received by her cotenant.

The judgment of the Lake Superior Court is reversed and said court is instructed to restate its conclusions of law and enter judgment herein not inconsistent with this opinion.

Roll, J., absent.