PACHTER, ET AL. *v.* GRAY, ET AL.

[No. 28,857. Filed December 17, 1952.]

*Draper & Eichorn, Ralph M. Pachter, Davis & Gruenberg,* all of Gary, for appellant.

*Anderson, Hicks & Anderson,* of Gary, for appellees.

EMMERT, C. J.—This appeal reaches this court by transfer from the Appellate Court pursuant to §4-209, Burns 1946 Replacement, for failure of four judges of said court to concur in an opinion. A judgment quieting a fee simple title to two lots in Gary, Indiana, in the appellee Arthur Gray, was entered by the trial court, from which this appeal is prosecuted. Appellants' assignment of error here is that the trial court erred in overruling their motion for a new trial, which stated as causes therefor that the decision is not sustained by sufficient evidence and is contrary to law.

Appellee Gray, hereafter referred to as the appellee, based his title on a tax deed which was executed August 6, 1946. This deed, including indorsements thereon, was introduced in evidence, and appellee testified he paid taxes on the real estate, including taxes for 1948 payable in 1949, and that since 1944 he has gardened on

the real estate. There was no cross-examination, and appellants introduced no evidence.

It is axiomatic that in an action to quiet title the plaintiff must recover on the strength of his own title. *Kerfoot* v. *Kessener* (1949), 227 Ind. 58, 75, 84 N. E. 2d 190; *Kozanjieff* v. *Petroff* (1939), 215 Ind. 286, 291, 292, 19 N. E. 2d 563. Appellants contend appellee failed to sustain this burden of proof because there was no evidence that the tax deed was recorded before delivery to appellee as required by § 64-2404, Burns' 1951 Replacement. The first sentence of this section provides, "Such conveyance shall be executed by the county auditor, under his hand and seal, witnessed by the county treasurer, and acknowledged before the county recorder or any other officer authorized to take acknowledgments, and the same shall be recorded in the recorder's office before delivery; . . ."

Assuming, without deciding, that appellants' construction of this part of the act is correct, and that recording before delivery is mandatory to pass a good title, still appellee's evidence did make out a prima facie case showing title in him. The deed and the indorsements thereon disclosed it was signed by the Auditor of Lake County on August 6, 1946, and had thereon the seal of the Board of Commissioners of Lake County, such signatures being attested by the Treasurer of Lake County. The Auditor duly acknowledged that he signed and sealed such deed the same date before the Recorder of Lake County. It was filed for record August 6, 1946, at 3:32 P. M., and was recorded in Book 756 at pages 593, 594. The Auditor certified it was duly entered for taxation on August 7, 1946.

Section 64-2404, Burns' 1951 Replacement, further provides:

"Such deed shall be prima facie evidence of the regularity of the sale of the premies described in the deed, and of the regularity of all prior proceedings, and prima facie evidence of a good and valid title in fee simple in the grantee of said deed; . . ."

A sale of real estate "is the actual transfer of title from grantor to grantee, by appropriate instrument of conveyance." *Ide* v. *Leiser* (1890), 10 Mont. 5, 11. See also *Keogh* v. *Peck* (1925), 316 Ill. 318, 328, 147 N. E. 266, 38 A. L. R. 1151; *In re Estate of Frayser* (1948), 401 Ill. 364, 373, 82 N. E. 2d 633, 638; *Southwestern Improvement Co.* v. *Whittington* (1940), — La. App. —, 193 So. 483. The sale of the real estate was consummated when title passed by delivery of the deed. The statute created a prima facie presumption that the recording of the deed, as shown by the Recorder's certificate, was prior to the sale, which did not occur until delivery of the deed. Moreover, the act created a prima facie presumption that appellee held "a good and valid title in fee simple." Appellee's deed, under the statute, was sufficient, in the absence of any evidence to the contrary, to establish fee simple title in him. *Smith* v. *Swisher* (1941), 109 Ind. App. 654, 36 N. E. 2d 945; *Knotts* v. *Tuxbury* (1917), 69 Ind. App. 248, 257, 117 N. E. 282; *May* v. *Dobbins* (1906), 166 Ind. 331, 333, 77 N. E. 353.

Appellants further contend that the deed only conveyed one lot, whereas the judgment quieted title to two lots. The deed followed the statutory form set forth in §64-2404, Burns' 1951 Replacement. The deed recited that appellee did produce two certificates of purchase bearing date of April 10, 1944, for Lots 3 and 4 of Block 3, Washington Park Subdivision in the City of Gary, reciting, among other things, that appellee demanded a deed, and continued as follows:

"THEREFORE, this Indenture, Made this 6th day of August 1946 between THE STATE OF INDIANA, by Stanley E. Olszewski, Auditor of said County, of the first part, and the said Arthur Gray of the second part, WITNESSETH, That the said party of the first part, for and in consideration of the premises, has granted, bargained and sold unto the said party of the second part, his heirs and assigns forever the tract or parcel of land mentioned in said certificate, situate in the County of Lake and State of Indiana, and described as follows: Lot 3 Block 3 Washington Park Sub. In the City of Gary Lot 4 Block 3 Washington Park Sub. In the City of Gary TO HAVE AND TO HOLD the said last mentioned tract or parcel of land, with the appurtenances thereto belonging, to the said party of the second part, his heirs and assigns forever, in as full and ample a manner as the said Auditor of said County is empowered by law to sell the same."

Appellants argue that Lot 3 of Block 3 is not conveyed because the habendum clause is limited to "said last mentioned tract or parcel of land."

It is true that the form set out in §64-2404, Burns' 1951 Replacement, does not provide for the sale of more than one lot or parcel in one deed. However, the previous section of Chapter 59 of the 1919 Acts, as amended, §64-2401, Burns' 1951 Replacement, requires that, "In making such conveyance, when two or more parcels, tracts, or lots of land are sold for the nonpayment of delinquent taxes to the same purchaser or purchasers, or the same person or persons shall, in any wise become the owner of the certificates thereof, all of such parcels shall be included in one deed." We believe the correct rule of construction is stated in *Richards* v. *Richards* (1915), 60 Ind. App. 34, 39, 110 N. E. 103, as follows:

"A deed is to be construed as a whole and effect is to be given to each and every part if possible.

492

Where the intention of the parties as to the kind of estate conveyed is clearly expressed, such intention will be given effect, regardless of the technical rule that the granting clause will prevail over other portions of the deed which tend to modify or curtail the estate conveyed. But where there is irreconcilable conflict between the granting clause and the *habendum* or other portions of the deed, and the intention is thereby rendered doubtful, the granting clause will prevail over other parts of the deed. *Adams* v. *Merrill* (1910), 45 Ind. App. 315, 319, 328, 85 N. E. 114, 87 N. E. 36; *Doren* v. *Gillum* (1894), 136 Ind. 134, 138, 35 N. E. 1101; *Edwards* v. *Beall, supra; Wilkins* v. *Young, supra; Case* v. *Owen* (1894), 139 Ind. 22, 24, 38 N. E. 395, 47 Am. St. 253; 1 Jones, Conveyancing §568; *Hopkins* v. *Hopkins* (1908), 114 S. W. 673; *Dickson* v. *Van Hoose* (1908), 157 Ala. 459, 47 South, 718, 19 L. R. A. (N. S.) 719, 8 R. C. L. 1043 §§98-101."

The habendum clause did not limit the conveyance to one lot.

The decision of the trial court was sustained by sufficient evidence, and was not contrary to law.

Judgment affirmed.

Draper, J., not participating.

NOTE.—Reported in 109 N. E. 2d 412.